MERTON E. LEWIS, Respondent, Appellant, *v.* THE CHEMICAL FOUNDATION, INCORPORATED, and Another, Appellants, Respondents.

Fourth Department, June 30, 1931.

*McKay & Headley [Clarence W. McKay* and *Arthur E. Sutherland* of counsel], for the plaintiff.

*Hubbell, Taylor, Goodwin, Nixon & Hargrave [T. Carl Nixon* and *Joseph H. Choate, Jr.,* of counsel], for the defendants.

PER CURIAM. We are of the opinion that the first cause of action as alleged does not state sufficient facts. A defamatory oral statement, published six weeks later in a newspaper, is not transmuted thereby into a libel merely because it was uttered " with the intent that such statement should be widely circulated and published in the City of Boston  *  *  *  and elsewhere." The facts alleged might warrant a finding that the intent existed. They would not warrant a finding that the intent became reality through any act of the utterer. The pleading is barren of facts showing or tending to show that he authorized, requested, instigated, procured or induced the publication. The circumstances surrounding the utterance of the statement here warrant no stronger inference than did the circumstances surrounding the utterance of the false statements in *Schoepflin* v. *Coffey* (162 N. Y. 12).

It becomes unnecessary, therefore, to deal with the motion to strike out irrelevant matter except so far as paragraph 5 was incorporated by reference into the second cause of action. As to that, without expressing any view as to the accuracy of the original ruling nor upon its conclusiveness as matter of law, we are disposed to hold that the point having been once litigated and decided, and

the plaintiff having relied on that unquestioned decision in drafting the amended complaint, the decision should stand.

The decision on the third cause of action is affirmed without discussion.

The order appealed from should be reversed so far as it denied the motion for judgment, dismissing the first cause of action in the amended complaint, on the ground that the same does not state facts sufficient to constitute a cause of action, and the motion should be granted. Otherwise the order appealed from should be affirmed, except that that portion thereof relating to the motion by the defendant to strike from the complaint certain paragraphs thereof should be confined to paragraph 5 of the first cause of action as incorporated by reference in paragraph 13 of the second cause of action; all without costs. Plaintiff should have leave to plead over as to the first cause of action within twenty days.

All concur. Present — SEARS, P. J., TAYLOR, EDGCOMB, THOMPSON and CROSBY, JJ.

Order reversed so far as it denies the motion for judgment dismissing the first cause of action in the amended complaint for insufficiency, and motion granted. Otherwise the order is affirmed, except that the portion thereof relating to the motion by defendant to strike from the complaint certain paragraphs thereof is confined to paragraph 5 of the first cause of action as incorporated by reference in paragraph 13 of the second cause of action, without costs of this appeal to either party, with leave to plaintiff to plead over within twenty days.