DOMINIC S. RINALDI, Respondent, v. VILLAGE VOICE, INC., et al., Appellants.

First Department, March 11, 1975.

*Victor A. Kovner* of counsel (*Nathaniel J. Bickford* with him on the brief; *Lankenau, Kovner, Bickford & Beer,* attorneys), for The Village Voice, Inc., appellant.

*Steven Finell* of counsel (*Paul J. Newlon* with him on the brief; *Paul, Weiss, Rifkind, Wharton & Garrison,* attorneys), for Scali, McCabe, Sloves, Inc., appellant.

*Irwin N. Wilpon* for respondent.

Nunez, J. Defendants appeal from an order of Special Term granting plaintiff's motion to dismiss defendants' affirmative defenses and denying defendants' cross motion for summary judgment. Defendant The Village Voice, Inc., publishes a newspaper called *The Village Voice.* In its newspaper it published four articles between August 31 and November 30, 1972, which were highly critical of the plaintiff's performance of his duties as a judicial officer. It is not these articles, however, which are the gravamen for this action. On February 25, 1973, defendants caused an advertisement to be printed in the *New York Times.* The advertisement was composed by defendant Scali, McCabe, Sloves, Inc., a professional advertising agency. This advertisement referred to the articles about plaintiff in sufficient detail and in such a manner that there can be no question that if the statements made were not accurate and if the defendant enjoyed no privilege, the advertisement would support a cause of action for libel.

Defendants urge that under the doctrine of *New York Times Co. v. Sullivan* (376 U. S. 254) there is no issue as to their privilege. For two reasons we do not agree.

It is correct that *Sullivan* concerned a paid advertisement and the cloak of the First Amendment was nevertheless applied. But the court was careful to point out (p. 266 *et seq.*) the nature

of the particular advertisement involved. It was not a commercial advertisement designed to sell a product. On the contrary, it sought financial support for a movement of great public interest and concern, and the court pointed out that the advertiser was doing what a newspaper could do—exercising its freedom of speech. Not owning a newspaper, the advertiser could not state its views in the editorial section of a paper and so was relegated to a paid advertisement. Advertisements of this kind the court styled " editorial advertisements ", and it is advertisements of like kind only that are protected by the constitutional amendment.

The advertisement in suit here was designed solely to sell *The Village Voice,* the product of the defendant advertiser. The composer of the advertisement, the defendant advertising agency, so claims. It would appear obvious that had the defendant Village Voice wished to convey information other than the desirability of purchasing its paper, it would have used its own columns. Freedom of the press has never been extended to commercial advertising matter (*Valentine* v. *Chrestensen,* 316 U. S. 52). At the very least the record presents an issue as to the character of the publication.

Even assuming the advertisement was privileged, the privilege would not survive a malicious publication. The record shows that between the date of the publication of the original article and the date of publication of the advertisement, the defendant Village Voice received information that its original publication was inaccurate, incomplete, and in many respects totally false. This information came from an apparently reliable source. Here again, an issue is presented precluding summary judgment.

Finally, The Village Voice's defenses of truth and both defendant's contentions that the advertisement was published without malice are sufficiently pleaded. The CPLR requires only adequate notice of each cause of action or defense. Specific acts intended to be established in support of the pleaded defenses may be obtained by a bill of particulars and by disclosure. It was error to dismiss these defenses and they should be reinstated.

The order entered on September 18, 1974 in the Supreme Court, New York County (TYLER, J.) should be modified on the law so as to reinstate the first and second affirmative defenses and otherwise affirmed, without costs.

STEVENS, J. P., MARKEWICH, CAPOZZOLI and YESAWICH, JJ., concur.

Order, Supreme Court, New York County, entered on September 18, 1974, unanimously modified, on the law, so as to reinstate the first and second affirmative defenses, and otherwise affirmed, without costs and without disbursements.