■ ANTHONY TURCHIARELLI, Respondent, v ANNA VALLONE, Also Known as ANNA V. CITROLO, Appellant.—Order of the Supreme Court, Queens County, dated January 23, 1975, which granted plaintiff's motion for summary judgment, affirmed, with $50 costs and disbursements. No triable issues of fact were raised in defense of plaintiff's valid cause of action. Martuscello, Acting P. J., Latham, Cohalan, Rabin and Titone, JJ., concur.

■ VINCENT E. IORIO, INC., Appellant-Respondent, v ST. VINCENT'S MEDICAL CENTER OF RICHMOND et al., Respondents-Appellants.—In an action *inter alia* by a builder to recover from the owner of certain property and its insurer for loss of earnings resulting from the partial destruction, by fire, of a building under construction, (1) plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County, entered November 6, 1975, as denied its motion for partial summary judgment and (2) defendants cross-appeal, as limited by their brief, from so much of the same order as denied their application for summary judgment. Order affirmed, without costs or disbursements. The decision of Mr. Justice Garbarino in the Richmond County action does not bar litigation in the instant action of the issue of whether the construction contract required defendant, St. Vincent's Medical Center of Richmond, to obtain loss of earnings insurance for plaintiff. Plaintiff's motion for partial summary judgment was therefore properly denied. We also believe that Special Term properly denied defendants' application for summary judgment since a trial is necessary to determine the intent of the parties. Martuscello, Acting P. J., Latham, Cohalan, Rabin and Titone, JJ., concur.

■ VIRTU BOUTIQUE, INC., Plaintiff, v JOB'S LANE CANDLE SHOP, INC., Defendant, and HOWARD SALTEN, Defendant and Third-Party Plaintiff-Appellant. VINCENT GRIPPA et al., Third-Party Defendants; SHEPPARD FROOD, Third-Party Defendant-Respondent.—In an action *inter alia* to recover rent due under a lease, the defendant third-party plaintiff appeals from an order of the Supreme Court, Suffolk County, dated July 16, 1975, which granted the motion of third-party defendant Sheppard Frood to dismiss the third-party complaint as against himself for failure to state a cause of action. Order affirmed, with $50 costs and disbursements. A Town Justice is immune from civil liability for all acts performed in the exercise of his judicial functions. Such immunity extends to all judges and encompasses all judicial acts, even if such actions are in excess of their jurisdiction and are alleged to have been done maliciously or corruptly. There is no question that the acts complained of were performed by respondent while in the exercise of his judicial duties. Hopkins, Acting P. J., Margett, Damiani, Christ and Hawkins, JJ., concur.