■ GEORGE SASSOWER, Respondent, v ERNEST L. SIGNORELLI, Appellant, et al., Respondent.—In a habeas corpus proceeding, the appeals are from (1) a judgment of the Supreme Court, Suffolk County, entered September 13, 1977, which, after a hearing, sustained the writ and annulled an adjudication of contempt, without prejudice to a renewal of the contempt proceedings and (2) a resettled judgment of the same court, dated November 14, 1977. Appeal from the judgment entered September 13, 1977 dismissed, without costs or disbursements. That judgment was superseded by the resettled judgment. Resettled judgment affirmed, without costs or disbursements. Petitioner had served as executor of the estate of Eugene Paul Kelly pursuant to the terms of the decedent's will. On April 28, 1977 an order issued in the probate proceeding directing petitioner to turn over his records pertaining to the estate in order that an accounting could be had. Petitioner had been removed as executor in March, 1976, because of his continued failure to file an accounting. Petitioner failed to comply with the turn-over order by June 15, 1977, and he was given until June 22, 1977 to comply. On the latter date, petitioner failed to appear in court, as he had been directed, and there was continued noncompliance with the April 28, 1977 order. Although petitioner had evidently telephoned the office of the Public Administrator late the preceding afternoon to say that he would not be in court on the date set, the Surrogate heard testimony from the Deputy Public Administrator that there had not been compliance in the week intervening. The Surrogate adjudged petitioner in contempt of court. The order of contempt recited that "George Sassower is guilty of criminal contempt of court committed in the immediate presence of the court by reason of his failure to obey the lawful order and directions of this court". Petitioner was apprehended by the Sheriff the following day and brought

before the Surrogate. Petitioner stated: "My intention is to comply with the law as I see it." He was jailed. He then petitioned this court for a writ of habeas corpus and asked for bail pending the hearing. A hearing on the writ was directed for the following day (June 24, 1977), *but bail was denied.* Within a few hours of that determination, petitioner made application for a writ of habeas corpus to a Justice of the Supreme Court in Suffolk County, without mentioning the prior application to this court. This was in violation of the statute that requires that the petition for a writ "shall state * * * the date, and the court or judge to whom made, of every previous application for the writ, [and] the disposition of each such application" (CPLR 7002, subd [c], par 6). The Justice before whom the second application was made directed a hearing on June 27, 1977 *and* set bail at $300. Upon the hearing, Special Term determined that, contrary to the recitation in the order of contempt, petitioner was not in court before the Surrogate when he was adjudged in contempt. Special Term, therefore, annulled the adjudication. It is clear that a summary adjudication of contempt is only permitted if the contemnor is within the court's presence (see Judiciary Law, § 751; *Cooke v United States,* 267 US 517; Sedler, the Summary Contempt Power and the Constitution: The View From Without and Within, 51 NYU L Rev 34). It was proper, therefore, for the writ to be granted. We note that petitioner has again been adjudged in contempt on further proceedings in the Surrogate's Court, a hearing on which is pending in the Supreme Court, Suffolk County, where the matter (commenced by petitioner in Westchester County) was transferred by order of the Special Term in Westchester County, entered August 15, 1978. Latham, J. P., Cohalan, Margett and O'Connor, JJ., concur.