OPINION OF THE COURT
Roger J. Miner, J.
Contending that he is immune from liability to plaintiff, defendant Philip Caponera moves for dismissal of the complaint pursuant to CPLR 3211.
Upon an information sworn to by Richard Enright on April 8, 1977, plaintiff was charged with petit larceny arising out of the theft of three dresses from the Korvettes store at the Northway Mall, Town of Colonie. Pursuant to an appearance ticket, plaintiff appeared before movant, Town Justice of the Town of Colonie, on April 18, 1977 to answer the charge. She was released on her own recognizance and the Public De *954 fender was assigned as her attorney in accordance with her request.
On October 24, 1977, the date fixed for the trial of the charge pending against plaintiff, a plea of guilty as charged was entered before movant, plaintiff and her counsel being present. Prior to the date fixed for plaintiff’s sentencing, November 16, 1977, movant had been furnished with a presentence report prepared by the Albany County Probation Department. The report included a list of previous convictions of the plaintiff on various misdemeanor charges. On November 16, movant sentenced plaintiff to a term of 60 days in the Albany County Jail commencing November 18, 1977.
Three causes of action are pleaded against movant. In the first cause of action it is alleged that movant knew or should have known that plaintiff was in her fifth month of pregnancy at the time of her sentence; that the Albany County Jail lacked adequate facilities for pregnant women; that plaintiff was deprived of access to prenatal care during her confinement; that movant’s conduct was in careless disregard of the health of plaintiff and her unborn child; and that plaintiff suffered a miscarriage and sustained damages on or about December 14, 1977 while serving the sentence imposed by movant. In the second cause of action pleaded against movant it is alleged that movant was neglient in sentencing plaintiff to imprisonment during the fifth month of pregnancy. In the third cause of action pleaded against movant it is alleged that movant conducted himself "in a manner which constituted an abuse of his judicial discretion.”
Although plaintiff’s attorney, in his affirmation, recognizes the doctrine of judicial, immunity, he asserts that the designation of the Albany County Jail as the place for plaintiff’s incarceration was a ministerial, rather than a discretionary, act. Accordingly, the contention is made that such designation was outside the scope of judicial immunity.
The plaintiff’s contention is rejected. In sentencing plaintiff movant exercised a judicial function carrying immunity from any civil liability. (Virtu Boutique v Job’s Lane Candle Shop, 51 AD2d 813; 32 NY Jur, Judges, § 38.) It is only when there is a clear absence of all jurisdiction that a judicial officer may be subject to liability. (Stump v Sparkman, 435 US 349.) Undeniably, movant was vested with jurisdiction here. (CPL 10.30, subd 1, par [b]; 20.50, subd 1; Penal Law, § 155.25; *955 § 70.15, subd 1; § 70.20; Uniform Justice Court Act, § 2001 [L 1966, eh 898].)
Motion granted.