OPINION OF THE COURT
Harold J. Hughes, J.
Defendant moves for an order dismissing the complaint for failure to state a cause of action.
The complaint alleges that plaintiff was assaulted by a fellow inmate while incarcerated in a State prison. Plaintiff had testified against the other inmate and in the course of plea bargaining received an assurance from Albany County Court Judge Harris that he would send a letter to the Department of Correctional Services requesting that the plaintiff not be placed in the same prison with any of the individuals against whom plaintiff had testified on behalf of the People. Judge Harris sent such a letter to the Department of Correctional Services but it was not heeded. The basis of the action against the county is that Judge Harris negligently performed his duty under plea bargaining in not drafting a strong enough letter and not taking the additional step of notifying the wardens at the correctional facilities where plaintiff was sent of the threat from the other inmates.
The basis of defendant’s motion is that a county is not liable for the alleged torts of a County Court Judge who is *303 immune from suit for any acts of his performed within his judicial function. Plaintiff argues that the drafting of the letter pursuant to the plea bargain arrangement was a ministerial rather than a judicial act and, thus, the county is subject to suit as the tort-feasor’s employer.
A County Court Judge has complete immunity from civil liability for all of his activities performed within the exercise of his judicial duties even if a Judge acts maliciously and with intent to injure (Murray v Brancato, 290 NY 52). Sentencing of criminals is part of the judicial function (Moore v Caponera, 99 Misc 2d 953). A Judge’s participation in plea negotiations and his actions pursuant thereto are official acts within his judicial role giving him complete immunity from a suit by a prisoner seeking to recover damage for alleged breach of a plea agreement (Palermo v Rockefeller, 323 F Supp 478). Moreover, a County Court Judge is not an employee of the county (Judiciary Law, § 220). This complaint does not state a viable cause of action.
The motion of defendant for an order dismissing the complaint for failure to state a cause of action shall be granted, without costs.