■ GEORGE SASSOWER, Petitioner, v JOHN P. FINNERTY, as Sheriff of Suffolk County, Respondent. (Action No. 1.) THE PEOPLE OF THE STATE OF NEW YORK ex rel. GEORGE SASSOWER, Appellant, v SHERIFF OF SUFFOLK COUNTY, Respondent. (Action No. 2.) GEORGE SASSOWER, Appellant, v ERNEST L. SIGNORELLI et al., Respondents, et al., Defendants. (Action No. 3.) — Appeal, as limited by the appellant's notice of appeal and brief, from stated portions of a judgment and order (one paper) of the Supreme Court, Suffolk County (Gowan, J.), dated February 10, 1981, which (1) in action No. 2, *inter alia,* denied his motion for summary judgment and thereupon dismissed a writ of habeas corpus and (2) in action No. 3 granted the motion of the respondents Signorelli and Seidell pursuant to CPLR 3211 (subd [a], par 7) to dismiss appellant's amended complaint in said action as against them. Judgment and order affirmed insofar as it grants the motion of the respondents in action No. 3 to dismiss appellant's amended complaint in said action as against them, without costs or disbursements, and appeal held in abeyance insofar as it pertains to action No. 2 and matter remitted to the Supreme Court, Suffolk County, for further proceedings in accordance herewith. Appellant had served as executor of the estate of Eugene Paul Kelly pursuant to the terms of the decedent's will. In the probate proceeding, by order dated April 28, 1977, appellant was directed to turn over his records pertaining to the estate in order that an accounting could be conducted. Thereafter, appellant was given until June 22, 1977, to comply. On said date, appellant failed to appear in court as he had been directed. The Surrogate adjudged appellant in contempt of court for failure to comply with the turnover order and sentenced him to 30 days in the county jail. On the following day, appellant was apprehended. He obtained a writ of habeas corpus and was released on bail pending the hearing. After a hearing on the writ in Supreme Court, Suffolk County, Special Term found that appellant was not present in court before the Surrogate when he was adjudged in contempt, and annulled the adjudication of contempt without prejudice to a renewal of the contempt proceeding. This court affirmed a resettled judgment of the Supreme Court, Suffolk County, entered upon that decision of Special Term, noting that a summary adjudication of contempt is only permitted if the contemnor is within the court's presence (*Sassower v Signorelli,* 65 AD2d 756). By order to show cause served personally upon appellant, further criminal contempt proceedings were commenced on behalf of the Public Administrator of Suffolk County, defendant in action No. 3 Anthony Mastroianni, based upon appellant's alleged continued failure to comply with the April 28, 1977, turnover

order. The matter was set down for a hearing on March 7, 1978 and appellant was notified of the charges and hearing date. Although appellant failed to appear, a hearing was held on that date in his absence and appellant was again held in criminal contempt. By order dated March 8, 1978, respondent Acting Surrogate Seidell determined that appellant was guilty of criminal contempt of court for failure to comply with the turnover order and that appellant was to be punished by 30 days' imprisonment in the county jail. On the same day, Acting Surrogate Seidell also issued a warrant of commitment directed to the Sheriff of the County of Suffolk, respondent John P. Finnerty, commanding him to take appellant into custody and "detain him until the judgment and sentence of the [Surrogate's Court] is satisfied unless sooner released by further order of [the Surrogate's Court]". By affidavit dated March 6, 1978, and received by the Surrogate's Court on March 8, 1978, appellant had informed that court that on March 7, 1978, the date for the hearing, he would be actually engaged in another court in Brooklyn and therefore requested an adjournment. Appellant was taken into custody on June 19, 1978. He then commenced a habeas corpus proceeding (action No. 2) and moved for "summary judgment" sustaining the writ. Appellant also commenced a separate action (action No. 3) against a number of individuals including Surrogate Signorelli, Acting Surrogate Seidell, Sheriff Finnerty, Public Administrator Mastroianni and the *New York News*. The complaint in action No. 3 asserts nine causes of action based on alleged tortious conduct. The respondents in action No. 3 moved pursuant to CPLR 3211 (subd [a], par 7), to, *inter alia,* dismiss the amended complaint as against them for failure to state a cause of action. Special Term consolidated, *inter alia,* for the purpose of its decision only, appellant's application in the habeas corpus proceeding and the motion of the respondents in action No. 3. After a "summary hearing", Special Term denied appellant's application in the habeas corpus proceeding and dismissed the writ. Special Term granted the application of the respondents in action No. 3 and dismissed that action as against them, *inter alia,* on the ground of judicial immunity. With respect to the habeas corpus proceeding, we cannot determine on this record whether appellant's failure to appear on the date set for the contempt hearing constituted a voluntary waiver of his right to be present and proffer evidence in his defense. An evidentiary hearing should be conducted on this issue. Accordingly, so much of the appeal as pertains to action No. 2 is held in abeyance and that case is remitted to Special Term to hear and report on that issue. Regarding the amended complaint in action No. 3, we concur with Special Term's conclusion that it fails to state a cause of action against the respondents in that action. To the extent the first, fourth and fifth causes of action asserted in the amended complaint in action No. 3 purport to assert a claim for false arrest and malicious prosecution, the claims cannot withstand a motion to dismiss predicated on judicial immunity. Judicial immunity extends to all Judges and encompasses all judicial acts, even if such acts are in excess of their jurisdiction and are alleged to have been done maliciously or corruptly (*Stump v Sparkman,* 435 US 349; *Murray v Brancato,* 290 NY 52; *Virtu Boutique v Job's Lane Candle Shop,* 51 AD2d 813). There is a distinction between acts performed in excess of jurisdiction and acts performed in the clear absence of any jurisdiction over the subject matter. The former is privileged, the latter is not (*Murray v Brancato, supra*). Although the pleadings allege that Surrogate Signorelli and Acting Surrogate Seidell knew that they lacked any jurisdiction, it is also alleged that said knowledge was acquired from a prior unreported decision and resettled judgment of Special Term (McInerney, J.), which was affirmed by this court (see *Sassower v Signorelli,* 65 AD2d 756, *supra*). However, that decision in favor of appellant was predicated on judicial acts in excess of jurisdiction. The acts complained of in the amended complaint were

performed by the respondents Signorelli and Seidell while in the exercise of their judicial roles. Although said acts may have been in excess of their jurisdiction, they were not performed in the complete absence of jurisdiction. Consequently, the moving defendants, as Surrogates, are absolutely immune from suit for the judicial acts alleged in the amended complaint. Neither does the allegation that the judicial defendants refused to timely comply with a writ of habeas corpus, directing appellant's release from incarceration, save the dismissal of the first and fourth causes of action. Although the refusal to comply with an order is a ministerial act (Prosser, Torts [4th ed], § 132, p 988) and immunity is not accorded to a judicial officer who performs a ministerial act so as to injure another (*Scott v City of Niagara Falls,* 95 Misc 2d 353; see, generally, 28 NY Jur 2d, Courts and Judges, § 91, p 166), we take judicial notice of the fact the writ was addressed to the Sheriff of Suffolk County, and not to the respondents. The second, sixth and seventh causes of action sound in defamation. The second cause of action alleged that on June 27, 1977, and August 17, 1977, the *New York News* published two articles by Art Penny, containing defamatory material about appellant which was acquired, from among other sources, defendant Surrogate Signorelli's out-of-court statements. Initially we note that attaching the articles containing the allegedly defamatory material to the amended complaint as an exhibit is sufficient to satisfy the pleading with particularity requirement of CPLR 3016 (subd [a]) (see *Cabin v Community Newspapers,* 50 Misc 2d 574, affd 27 AD2d 543; accord *Rinaldi v Village Voice,* 79 Misc 2d 57, mod on other grounds 47 AD2d 180). "[I]n the absence of proof of *affirmative* acts causing a publication to be made, a slanderous statement uttered in the presence of third persons is not the proximate cause of an injury alleged to have been sustained by its *subsequent* publication in newspapers by such persons (*Schoepflin* v. *Coffey,* 162 N. Y. 12), even though made with intent that such slanderous statement should be widely circulated. (*Lewis* v. *Chemical Foundation,* 233 App. Div. 287.)" (*Bradford v Pette,* 204 Misc 308, 318, mot to dismiss app granted 285 App Div 960.) Although appellant does not have to proffer proof of affirmative acts to defeat a motion under CPLR 3211 (subd [a], par 7), absent an allegation that Surrogate Signorelli procured the publication by affirmative acts, the second cause of action asserted in the amended complaint fails to state a cause of action against him. The sixth and seventh causes of action allege that respondent Surrogate Signorelli caused to be published in the *New York Law Journal* a memorandum decision containing defamatory material. The decision which appellant claims contains false and defamatory statements was written and filed in a matter upon which that respondent was called to rule. Even if the decision had been written with knowledge of its falsity and with actual intent to injure the appellant, the respondent Signorelli, as a matter of public policy, would be exempt from liability for composing it (*Murray v Brancato,* 290 NY 52, *supra*). Moreover, the law of this State places upon each Judge an official duty to facilitate the publication of his opinion or decision in the official reports, all acts done in connection with the statutory duty fall within the scope of judicial immunity, though done maliciously or corruptly. However, a Judge is not immune from liability if he acts to procure the publication of his opinion in unofficial reports (see *Murray v Brancato, supra,* p 57). The execution of an annual contract with the publisher of the *New York Law Journal* pursuant to subdivision 2 of section 91 of the Judiciary Law imposes an implied duty upon the Surrogate to make copies of opinions and decisions available to the *New York Law Journal* for publication (see *Bradford v Pette, supra*). Consequently, an act to procure the publication of a judicial decision or opinion in the *New York Law Journal* is now a judicial act entitled to absolute immunity (*Bradford v Pette, supra;* see, also, *Hanft v Heller,* 64 Misc 2d 947;

*Sheridan v Crisona,* 14 NY2d 108). Furthermore, the fact that the allegedly defamatory statement in the opinion may not have been relevant or pertinent to the question the Judge was called upon to decide does not mandate a contrary conclusion. The "doctrine of absolute privilege in respect to the acts of a judge in the course of judicial proceedings is not limited, as in the case of suitors and counsel, to matters that are pertinent or relevant" (*Bradford v Pette, supra,* p 317). To the extent the eighth and ninth causes of action sound in prima facie tort, those causes of action must be dismissed for appellant's failure to allege the essential element of special damages with sufficient particularity (*Morrison v National Broadcasting Co.,* 19 NY2d 453, 458; *Motif Constr. Corp. v Buffalo Sav. Bank,* 50 AD2d 718, 719). The third cause of action, insofar as it pertains to the respondents in action No. 3, seeks reimbursement for the amount of money paid for stenographic minutes, which appellant allegedly did not accept because his need for said minutes was rendered moot by unspecified acts of the judicial defendants. Reimbursement for the costs of procurement of a transcript are not assessable against the judicial defendants (see *Segal v Jackson,* 183 Misc 460). Accordingly, the amended complaint as to the respondents in action No. 3 was properly dismissed. Damiani, J. P., Weinstein, Rubin and Boyers, JJ., concur.