Moskovits v State of New York (2022 NY Slip Op 04098)

Moskovits v State of New York

2022 NY Slip Op 04098

Decided on June 23, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 23, 2022

Before: Renwick, J.P., Kern, Kennedy, Mendez, Higgitt, JJ. 

Appeal No. 16176 Case No. 2022-00715 Claim No. 135693

[*1]Alexander Moskovits, Claimant-Appellant,
v
The State of New York, Defendant-Respondent. 

Alexander Moskovits, appellant pro se.
Letitia James, Attorney General, New York (David Lawrence III of counsel), for respondent.

Order, Court of Claims of the State of New York (Jeanette Rodriguez-Morick, J.), entered August 3, 2021, which granted defendant's motion to dismiss the claim, unanimously affirmed, without costs.
This action is a byproduct of several state and federal actions commenced by plaintiff, a dual citizen of the United States and Brazil who resides in Brazil. In those actions, which have been dismissed, plaintiff alleged that he was not compensated for his "unique work product," which allegedly resulted in $2 billion in "unprecedented transactions" between the Brazilian states and Bank of America. In this Court of Claims action, claimant pro se sues the Justice who dismissed a state action and the "Court Administration," among others.
The claim, including any cause of action for "fraud on the court," is barred by the doctrines of res judicata (see Rojas v Romanoff, 186 AD3d 103, 108 [1st Dept 2020]) and collateral estoppel (see Conason v Megan Holding, LLC, 25 NY3d 1, 17 [2015]) based on dismissal of the "identical parallel federal court action" and a prior order of this Court affirming the orders that claimant now essentially seeks review of (Moskovits v Bank of Am. N.A., 2021 WL 1299038, 2021 US Dist LEXIS 67477 [SD NY 2021], affd 2022 WL 1150626, 2022 US App LEXIS 10479 [2d Cir 2022]). In any event, the court correctly held the claim is barred by the doctrine of judicial immunity, which "extends to all judges and encompasses all judicial acts, even if such acts are in excess of their jurisdiction and are alleged to have been done maliciously or corruptly" (Sassower v Finnerty, 96 AD2d 585, 586 [2d Dept 1983], appeal dismissed 61 NY2d 756, lv denied 61 NY2d 985 [1984]). The State may not be held liable for the actions of a state-employed judge that are cloaked with judicial immunity (Montesano v State of New York, 11 AD3d 436 [2d Dept 2004]). Claimant's allegation of impropriety amounts to nothing more than an allegation of corruption, which is insufficient to overcome judicial immunity (Rosenstein v State of New York, 37 AD3d 208, 208-209 [1st Dept 2007]; Tarter v State of New York, 68 NY2d 511, 518 [1986]; Sassower, 96 AD2d at 586), and no exception to application of the doctrine (Alvarez v Snyder, 264 AD2d 27, 34 [1st Dept 2000]; see Sassower, 96 AD2d at 586-587) is present here.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 23, 2022