Rodgers v State of New York (2026 NY Slip Op 00163)

Rodgers v State of New York

2026 NY Slip Op 00163

Decided on January 14, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 14, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
LAURENCE L. LOVE, JJ.

2024-08835

[*1]Daniel G. Rodgers, appellant, 
vState of New York, respondent. (Claim No. 141348)

Daniel G. Rodgers, Southampton, NY, appellant pro se.
Letitia James, Attorney General, New York, NY (Ester Murdukhayeva and David Lawrence III of counsel), for respondent.

DECISION & ORDER
In a claim, inter alia, to recover damages for defamation, the claimant appeals from an order of the Court of Claims (Gina M. Lopez-Summa, J.), dated June 20, 2024. The order, insofar as appealed from, granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the claim and denied the claimant's cross-motion for leave to file a late claim pursuant to Court of Claims Act § 10(6).
ORDERED that the order is affirmed insofar as appealed from, with costs.
In November 2023, the claimant commenced this claim, inter alia, to recover damages for defamation. The notice of claim alleged that a Justice of the Supreme Court, Suffolk County, had published defamatory statements about the claimant in an order of that court dated August 30, 2023, in an action pending before that court. The order dated August 30, 2023, among other things, referred the matter to the Grievance Committee for the Tenth Judicial District for disciplinary consideration of the claimant based upon his purported conduct relating to that action.
The defendant moved pursuant to CPLR 3211(a) to dismiss the claim on the grounds that service was improper and that the actions complained of were judicial acts protected by the doctrine of judicial immunity. The claimant conceded that service was improper, but disputed that the doctrine of judicial immunity applied and cross-moved for leave to file a late claim pursuant to Court of Claims Act § 10(6). The Court of Claims granted the defendant's motion and denied the claimant's cross-motion, determining that the defendant was entitled to absolute immunity. The claimant appeals.
Court of Claims Act § 10(6) permits a court to allow a claimant to file a late claim, in the court's discretion, upon consideration of certain factors, including whether the claim appears to be meritorious. Generally, "[n]o one factor is deemed controlling, nor is the presence or absence of any one factor determinative" (Qing Liu v City Univ. of N.Y., 262 AD2d 473, 474; see Shah v State of New York, 178 AD3d 871, 872). However, "it would be futile to permit a defective claim to be filed even if the other factors . . . supported the granting of the claimant's motion" (Savino v State of New York, 199 AD2d 254, 255; see Hersh v State of New York, 230 AD3d 1304, 1305; Shah v State of New York, 178 AD3d at 872).
Here, under the facts alleged by the claimant, the allegedly defamatory statements were written by the Justice in the exercise of his judicial functions, and, thus, "are absolutely privileged, even if such statements are alleged to be false, irrelevant, or malicious" (Montesano v State of New York, 11 AD3d 436, 436; see Mosher-Simons v County of Allegany, 99 NY2d 214, 219; Davey v State of New York, 31 AD3d 600, 600; Sassower v Finnerty, 96 AD2d 585, 588). Since the claim was patently without merit, the Court of Claims providently exercised its discretion in granting the defendant's motion pursuant to CPLR 3211(a) to dismiss the claim and denying the claimant's cross-motion for leave to file a late claim pursuant to Court of Claims Act § 10(6).
BRATHWAITE NELSON, J.P., FORD, VOUTSINAS and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court