■ ROLAND LA PIER, Respondent, v RUFUS C. DEYO, JR., Defendant, and ERNEST DEYO, Appellant. — Appeal from an order of the Supreme Court at Special Term (Harvey, J.), entered April 14, 1983 in Clinton County which, *inter alia,* denied defendant Ernest Deyo's cross motion for summary judgment. ¶ The instant action stems from Ernest Deyo's failure to disqualify himself in a suit brought before him as Beekmantown Town Justice by his brother, Rufus Deyo, against the instant plaintiff for work allegedly done for plaintiff by Rufus Deyo's car dealership. Plaintiff sued both Deyo brothers. His amended complaint states that Rufus Deyo abused judicial process by suing plaintiff in his brother's court for moneys plaintiff did not owe, and that both Rufus and Ernest Deyo conspired to defraud plaintiff by filling out false bills with his name forged thereon and by Ernest Deyo's intimidating him with threats of garnishment to make him pay bills which he did not owe. Defendant Ernest Deyo appeals a denial of his motion for dismissal of the amended complaint against him on grounds of judicial immunity and failure to state a cause of action. ¶ Judicial immunity is lost when a Judge acts in clear absence of jurisdiction (*Stump v Sparkman,* 435 US 349, 355-356; *Sassower v Finnerty,* 96 AD2d 585, 586). Section 14 of the Judiciary Law forbids a Judge from sitting or taking part in any action in which he is related by consanguinity to a party to the controversy within the sixth degree, and a decision rendered in violation of section 14 is void (*Oakley v Aspinwall,* 3 NY 547; *Casterella v Casterella,* 65 AD2d 614). We hold, as a matter of law, that defendant Ernest Deyo was not entitled to judicial immunity for the actions which plaintiff has alleged in his complaint. ¶ We find no merit, as well, in the contention that a cause of action in conspiracy has not been sufficiently stated because the element of fraud, namely, reliance on a representation made by defendant, was not alleged in the complaint. To the contrary, the facts stated permit the inference that a fraud occurred (see *Lanzi v Brooks,* 43 NY2d 778). It is clear that plaintiff would not have paid $670.44 in the civil suit brought against him had it not been for defendant Ernest Deyo's conduct. Reliance is thus sufficiently made out. ¶ Order affirmed, with costs. Casey, J. P., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.