■ DEBRA LOMBARDONI et al., Appellants, v JUDY BOCCACCIO

et al., Defendants, and RICHARD H. HOOD, Respondent.—Casey, J. Appeal from an order of the Supreme Court at Special Term (Duskas, J.), entered May 8, 1985 in Fulton County, which granted defendant Richard H. Hood's motion for summary judgment dismissing the complaint against him.

Plaintiffs seek to impose liability on defendant Richard H. Hood, the former Family Court Judge of Fulton County, for having authorized and directed the arrest of plaintiff Debra Lombardoni as a result of her failure to comply with a prior Family Court order of visitation. Plaintiffs allege that defendant Hood lacked subject matter jurisdiction to issue the order and that he abused his discretion and acted maliciously. Defendant Hood moved to dismiss the complaint against him, claiming absolute immunity.

The rule which exempts Judges of courts of record from liability for all acts done in the exercise of a judicial function is deeply rooted in the common law (*Murray v Brancato,* 290 NY 52, 55, citing *Yates v Lansing,* 5 Johns 282, 291; and *Bradley v Fisher,* 13 Wall [80 US] 335, 351). "Absolute immunity is * * * necessary to assure that judges, advocates, and witnesses can perform their respective functions without harassment or intimidation" (*Butz v Economou,* 438 US 478, 512). Since Family Court is a court of record (NY Const, art VI, § 1 [b]), the common-law rule of absolute immunity is applicable (*see, Wiesenfeld v State of New York,* 474 F Supp 1141; *Blouin v Dembitz,* 367 F Supp 415, *affd* 489 F2d 488).

Plaintiffs contend that absolute immunity does not protect defendant Hood since he exceeded his jurisdiction. Acts performed in excess of jurisdiction, however, are subject to the privilege; it is only those acts performed in the clear absence of any jurisdiction over the subject matter that fall outside the cloak of immunity (*see, Sassower v Finnerty,* 96 AD2d 585, 586, *appeal dismissed* 61 NY2d 756; *see also, La Pier v Deyo,* 100 AD2d 710). The acts complained of herein do not fall into the latter category.

Plaintiffs also argue that the common-law immunity rule has been abrogated by Family Court Act § 145, which provides that: "Any family court judge who in good faith issues process in any proceeding under this act shall not be liable therefor unless it is shown that his action in so doing was malicious or an abuse of his discretion." The sparse legislative history of section 145 provides no insight into its purpose (*see,* Besharov, Practice Commentary, McKinney's Cons Laws of NY, Book 29A, Family Ct Act §§ 145, 216-a, pp 80, 145). There is no indication that it was intended to abrogate the common-law

immunity rule. On the contrary, section 145 refers only to the issuance of process, which is just one of the many functions bestowed upon the Family Court Judge by the various articles of the Family Court Act.

We conclude that section 145 was intended to supplement, not abrogate, the common-law immunity rule. Ministerial acts performed by a judicial officer are not subject to absolute immunity *(Sassower v Finnerty, supra,* p 587), and the mere act of issuing process can, in certain circumstances, be viewed as a ministerial act. In such a case, section 145 provides the applicable standard for judicial immunity. Where the Family Court Judge engages in a judicial function, however, he should be entitled to the protection of the common-law rule of absolute immunity, even though process is issued as an incident of that function. To conclude otherwise would subject the Family Court Judge to the harassment and intimidation that give rise to the need for the common-law rule.

In the instant case, defendant Hood signed an order directing the arrest of plaintiff Debra Lombardoni, together with an arrest warrant, based upon her failure to comply with a prior Family Court order. In so doing, defendant Hood made certain factual findings and drew certain legal conclusions. We hold, therefore, that defendant Hood was acting in his capacity as a judicial officer and that the common-law rule of absolute immunity applies to the performance of these judicial functions. Thus, the order dismissing the complaint against defendant Hood should be affirmed.

Order affirmed, with costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.