■ JACQUELINE A. HARLEY, Respondent, v GERALD A. HARLEY, Appellant.—Mikoll, J. Appeals (1) from an order of the Supreme Court (McDermott, J.), entered September 15, 1988 in Rensselaer County, which, *inter alia,* granted plaintiff's motion for discovery, and (2) from an order of said court, entered November 28, 1988 in Rensselaer County, which conditionally granted plaintiff's motion to preclude defendant from offering any claims at trial with respect to the financial issues in the action.

This matter is typical of difficult marital disputes which are mired down by the recalcitrance of litigants who present roadblocks to a graceful and sensible resolution of an apparently acrimonious marriage and fail to attempt to preserve some aspects of a civil relationship as parents of children who need their support.

The underlying scenario of unpleasant confrontations began in January 1985 when plaintiff sued defendant for divorce.

The subsequent appearances in Family Court and Supreme Court centered on plaintiff's failure to accord defendant and the paternal grandparents visitation with, initially, all three of the parties' children and, subsequently, the youngest child after the two older children had fled to defendant alleging interference by plaintiff with their access to defendant.

Evidently this unduly amplified record was before Supreme Court although the discrete issues presented here involve only the following. Supreme Court delayed the trial of the matrimonial action on a motion made by plaintiff. This particular motion is not at issue currently. Plaintiff then discharged her attorney and substituted her current counsel, who subsequently sought discovery of defendant's assets since prior counsel refused to supply the file to plaintiff. On another motion by plaintiff, discovery of financial records of defendant was ordered. Defendant was also ordered to pay plaintiff's counsel $600 as counsel fees for appearance on the motion. Defendant was further ordered to comply with the discovery order or face the consequences of CPLR 3126 (1). Defendant's cross motion for custody of his three children was denied, as was his request for counsel fees. In the cross motion defendant had also sought an order determining that plaintiff's college degree was marital property and for plaintiff to comply with defendant's previous requests for discovery. Defendant further requested recusal of the Trial Judge for demonstrated bias and prejudice. Supreme Court denied these requests as well. Defendant has appealed the court's decision on this motion.

Plaintiff then made another motion, this time seeking to preclude defendant from offering any supporting or opposing claims with respect to the financial issues of the marital action for his failure to submit financial records. This motion was conditionally granted. Defendant was permitted to avert the striking of any financial evidence which he might wish to present by making available to plaintiff's accountant and attorney all of his books, documents and records pertaining to his income from his law practice. Defendant has also appealed from Supreme Court's decision on this motion as well. Plaintiff failed to make any motion to strike the background matters from the record before the court as to matters other than those involved in the two motions now before this court.

As to the first order of Supreme Court, we concur with that part of its decision that resulted in deferring until trial a determination of whether plaintiff's college degree is marital property and resolution of the issue of return of personalty of defendant and that of the two daughters residing with him. In

view of opposing contentions of the parties, the status of what constitutes marital property is best determined at a plenary trial and should be deferred until then. We concur as well with the court's determination that defendant supply plaintiff's counsel with financial records and defer the trial pending such disclosure.

We are of a differing opinion as to the question of the custody of the youngest child. The authority of the Appellate Division in matters of custody is as broad as that of the Trial Judge *(Matter of Louise E. S. v W. Stephen S.,* 64 NY2d 946, 947). This matter has been unresolved for too long a time. The youngest child has suffered emotional disturbance from the marital conflict. The record reflects a horror story involving plaintiff keeping this child from school, frequently changing schools, psychiatric evaluations indicating the toll the events have taken on the child, and plaintiff being able to thwart numerous court orders providing for visitation to defendant and his family and financial accountings of the children's trust accounts. The time of a plenary trial is currently indefinite considering the discovery proceedings. Meanwhile, the youngest child's status remains in limbo, to her detriment. Under such circumstances, Supreme Court should conduct a custody hearing forthwith and it is so ordered.

We note, too, that counsel fees were awarded to plaintiff on her motion seeking discovery. The record discloses that such discovery was previously had in conjunction with defendant's deposition before trial. In view of the fact that a second discovery was requested due to plaintiff's late substitution of counsel, the reason for which is unexplained, it is inappropriate for defendant to bear the burden of this change of counsel; therefore the grant of counsel fees is reversed. The final grant of counsel fees is deferred for final decision at the trial. We note that plaintiff never complied with 22 NYCRR 202.16 to justify such an award.

We further find that there was no reason to deny to defendant discovery of plaintiff's financial records. These should be submitted forthwith including information on plaintiff's bank accounts held by her in conjunction with other persons. Full financial disclosure on both sides is necessary for an appropriate decision in conformity with Domestic Relations Law § 236.

Defendant's request for recusal of the Trial Judge is rendered moot in that the Judge has disqualified himself from the trial of the action and we further find that there was not a demonstrated showing of bias in the motions which are the subject of these appeals.

As to the second order of Supreme Court from which defendant appeals, the matter is now moot insofar as defendant has complied with the requests for discovery.

Order entered September 15, 1988, modified, on the law and the facts, without costs, by reversing so much thereof as granted counsel fees to plaintiff and deferred the question of custody of the youngest child; plaintiff is ordered to submit disclosure of financial records to defendant, including bank accounts held with others, and matter is remitted to the Supreme Court for the purpose of holding a custody hearing forthwith as to the youngest child; and, as so modified, affirmed.

Appeal from order entered November 28, 1988 dismissed, as moot, without costs. Weiss, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.