OPINION OF THE COURT
William H. Keniry, J.
This case presents the issue of whether a Family Court Judge may invoke the defense of absolute judicial immunity to bar a suit alleging that the Judge acted outside of his jurisdiction.
The underlying facts stem from a long-standing divorce proceeding between plaintiff Gerald A. Harley and his wife, Jacqueline A. Harley. The most bitter and vitriolic aspect of the divorce has encompassed the issues of custody and visitation of the parties’ three daughters, Amanda, Andrea and *754 Aimee (see, Harley v Harley, 157 AD2d 916). These issues have been the focus of much litigation in the Supreme Court and the Family Court.
Plaintiff has commenced this action against John T. Perkinson, who presided over several separate proceedings between the spouses as a Judge of the Rensselaer County Family Court between 1984 and 1988. In 1988, the issues of custody and visitation were returned to the Supreme Court for resolution as part of the divorce action. Plaintiff, in his complaint, alleges that defendant lacked subject matter jurisdiction over the Family Court proceedings in which he presided. Plaintiff contends that defendant’s actions in the Family Court proceedings constituted a deprivation of his rights, privileges and immunities as secured to him by the Constitution and laws of the United States and the State of New York. This action is premised upon defendant’s alleged violation of 42 USC § 1983. Defendant is sued, not in his capacity as a Judge of the Family Court, but in his individual capacity.
Defendant moves to dismiss the action on the basis of absolute judicial immunity. Issue has not been joined. Defendant’s motion is in the nature of a motion to dismiss for failure to state a cause of action under CPLR 3211 (a) (7).
The test which the court must apply in deciding whether a cause of action is stated is "whether claimant has a cause of action, not whether one has been stated in the complaint” (Brown v State of New York, 125 AD2d 750, 751, lv dismissed 70 NY2d 747; see also, Burdett Radiology Consultants v Samaritan Hosp., 158 AD2d 132). The court must liberally construe the complaint in plaintiff’s favor, deem each allegation therein to be true and accord the plaintiff every favorable inference which may be drawn (Barr v Wackman, 36 NY2d 371; MacDonald v Howard, 91 AD2d 1119).
The doctrine of absolute judicial immunity is firmly entrenched at common law and bars any imposition of liability against a Judge under 42 USC § 1983 for acts performed in a judicial capacity (Bradley v Fisher, 13 Wall [80 US] 335; Pierson v Ray, 386 US 547). When a Judge of a court of record acts within his or her judicial capacity, the Judge is protected from suit by absolute privilege. The Family Court is a court of record (NY Const, art VI, § 1 [b]).
Plaintiff argues that the acts of defendant as recited in his complaint are not protected by judicial immunity. Plaintiff contends that defendant acted without jurisdiction.
*755 "Judicial immunity is lost when a Judge acts in clear absence of jurisdiction” (La Pier v Deyo, 100 AD2d 710). Plaintiff relies upon Maestri v Jutkofsky (860 F2d 50) to support his claim that defendant is not entitled to judicial immunity in this case. "[A] judge who performs a judicial act in excess of his or her jurisdiction is immune to civil suit; a judge who acts in the clear absence of jurisdiction is not” (860 F2d, at 52; see also, Lombardoni v Boccaccio, 121 AD2d 828). The Maestri case involved the civil liability of a Town Justice who acted outside of his territorial jurisdiction. The Second Circuit Court of Appeals held that "[f]or a judge to assume authority outside the geographic bounds of his office is the kind of clear judicial usurpation which cannot be condoned by any grant of immunity” (860 F2d, at 53).
The Family Court possesses jurisdiction over custody and visitation proceedings which are incidental to a pending divorce action upon a referral from the Supreme Court (NY Const, art VI, § 13 [c]; Family Ct Act § 651 [a]). There is no doubt that under a March 29, 1985 order of the Supreme Court all issues of custody and visitation were properly referred to Family Court for a determination on the merits (see, Matter of Harley v Harley, 129 AD2d 843). Numerous proceedings were then initiated in Family Court by both husband and wife which centered on the issues of custody and visitation. There is no doubt that the Family Court possessed the requisite jurisdiction to act in all matters which had been pending before it. Plaintiff’s arguments that Family Court lacked jurisdiction are without merit. Defendant acted within his jurisdiction as a Family Court Judge and is entitled to the protection of the defense of absolute judicial immunity. Defendant did not act in the clear absence of jurisdiction when he presided over litigation concerning the custody and visitation of the Harley children (Maestri v Jutkofsky, 860 F2d 50, supra).
The complaint fails to state a cause of action against the defendant in his individual capacity. Defendant’s motion to dismiss is granted without costs.