■ GERALD A. HARLEY, Appellant, v JACQUELINE A. HARLEY et al., Respondents.—Mikoll, J. Appeals (1) from an order of the Supreme Court (Keniry, J.), entered December 18, 1989 in Rensselaer County, which, *inter alia,* granted defendants' motion to dismiss the complaint for failure to state a cause of action, and (2) from an order of said court, entered June 15,

1990 in Rensselaer County, which denied plaintiff's motion for reconsideration.

The matter before us is the latest chapter in a protracted legal conflict between plaintiff and defendant Jacqueline A. Harley (hereinafter Harley) stemming from a divorce action. Plaintiff served Harley and her mother, defendant Alice M. Senecal, with a summons on February 3, 1988 and a complaint on April 22, 1988 in the instant action claiming, *inter alia,* tortious interference with custody and intentional infliction of emotional distress. Plaintiff also alleged that defendants fraudulently induced him to represent Harley's brother and sister-in-law in a tort action, and then tortiously interfered with the contract by convincing the brother to drop plaintiff as his attorney to his economic detriment. Plaintiff also asserted that Harley fraudulently induced him to purchase assets and add her name to the title as marital property even though she was dating other men and planning to divorce plaintiff. Defendants moved to dismiss plaintiff's claims on the grounds that plaintiff had not stated a cognizable cause of action upon which relief could be granted and that plaintiff's claims were already addressed in the divorce action between the parties.

Supreme Court dismissed plaintiff's first, second, sixth, seventh and eighth causes of action, which asserted claims of custodial and visitational interference, fraud committed during the marriage, unjust enrichment and breach of contract, as all arising out of the marriage relationship and not stating independent causes of action. The causes of action against Senecal were also dismissed on the ground that claims against the mother of an estranged wife should be resolved within the family and that these causes of action are not recognizable either statutorily or in common law. The third cause of action was dismissed for failure to particularize specific allegations of fraud with regard to inducing plaintiff to render legal services to Harley's brother and sister-in-law or of a conspiracy to now deprive him of compensation. The fourth and fifth causes of action, alleging torts of intentional infliction of emotional and economic harm stemming from defendants' alleged interference with custody and visitation with plaintiff's daughter and defendants' alleged fraud, were dismissed as arising out of matrimonial differences which should be disposed of in the matrimonial action. Since no viable causes of action remained, the complaint was dismissed.

Supreme Court also imposed sanctions against plaintiff on the ground that the action was frivolous in that plaintiff, an

attorney, should have known that the action lacked merit. The court found that the action was instituted as part of an effort to harass or maliciously injure defendants. The court, while recognizing plaintiff's frustration in not being able to enforce his visitation rights with his youngest daughter for several years, imposed a sanction of $1,000 against plaintiff plus costs and counsel fees. Plaintiff's motion for reconsideration was denied, giving rise to these appeals.

We concur with Supreme Court in its dismissal of the causes of action contained in plaintiff's complaint, but we cannot concur with the imposition of sanctions against plaintiff. These parties are not unknown to this court. In an attempt to move the divorce proceedings forward, this court recently ordered, *inter alia,* a full custody hearing as to the youngest child of plaintiff and Harley to be held forthwith *(Harley v Harley,* 157 AD2d 916). We there had the following to say: "The [matrimonial] record reflects a horror story involving [Harley] keeping this child from school, frequently changing schools, psychiatric evaluations indicating the toll the events have taken on the child, and [Harley] being able to thwart numerous court orders providing for visitation to [plaintiff] and his family and financial accountings of the children's trust account" *(supra,* at 918).

We cannot concur with Supreme Court's conclusion that plaintiff's action here was frivolous and instituted as a part of an effort to harass or maliciously injure defendants. To some extent marital acrimony is undoubtedly at the base of this action; however, the entire matter is hardly one-sided. Supreme Court recognized that plaintiff was distraught by Harley's intransigence. It is evident from the record and our previous dealings with the litigants that plaintiff has been frustrated in resolving the matrimonial action and in being able to enforce his visitation rights with his youngest daughter. At the inception of this case plaintiff had not seen his daughter for two years. The time now has stretched to four years. The tort of interference with custody is not unheard of *(see, Kajtazi v Kajtazi,* 488 F Supp 15, 19; *Abdul-Rahman Omar Adra v Clift,* 195 F Supp 857; *McGrady v Rosenbaum,* 62 Misc 2d 182, *affd* 37 AD2d 917; *see also, Pickle v Page,* 252 NY 474). Also, the tort of intentional infliction of emotional distress has been brought in similar contexts before *(see, Weicker v Weicker,* 22 NY2d 8), even though unsuccessfully. Plaintiff here has stated legitimate grievances against defendants. In view thereof, the present action should not have been deemed frivolous. Plaintiff could have believed that the

present situation is extreme and outrageous enough to find justification for his complaint against defendants *(see, Murphy v Murphy,* 109 AD2d 965). We also decline to award counsel fees and costs to defendants for the reasons previously stated.

Plaintiff also contends that Supreme Court's two orders in this action failed to comply with 22 NYCRR 202.48 and are thus null and void. We disagree. The record indicates otherwise.

Order entered December 18, 1989 modified, on the law and the facts, without costs, by reversing so much thereof as imposed a $1,000 sanction, costs and counsel fees against plaintiff, and, as so modified, affirmed.

Order entered June 15, 1990 affirmed, without costs. Casey, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.