■ GERALD A. HARLEY, Appellant, v JOHN T. PERKINSON, as Rensselaer County Family Court Judge, et al., Respondents.— Appeal from a judgment of the Supreme Court (Keniry, J.),

entered August 1, 1991 in Rensselaer County, which granted defendants' motion to dismiss the amended complaint.

Even if it is accepted that plaintiff's claims against defendants are not barred by the doctrine of res judicata *(cf., Matter of Reilly v Reid,* 45 NY2d 24), Supreme Court nevertheless properly dismissed the complaint. With respect to the claims asserted against defendants Rensselaer County Family Court Judge John T. Perkinson and former Supreme Court Justice William F. McDermott, the court properly determined that they were barred based on the doctrine of judicial immunity. Plaintiff failed to allege facts sufficient to demonstrate that the actions he complains of against these defendants were performed in the clear absence of any jurisdiction over subject matter so as to take them outside the cloak of judicial immunity *(see, Lombardoni v Boccaccio,* 121 AD2d 828).

Supreme Court also did not err in dismissing the complaint against defendants Office of Court Administration and State Commission on Judicial Conduct. With respect to the claims for money damages, these defendants were State agencies and as such these claims could be asserted only in the Court of Claims *(see,* NY Const, art VI, § 9; Court of Claims Act § 8; *Morell v Balasubramanian,* 70 NY2d 297). Insofar as the complaint alleges intentional conduct or negligence against these defendants, the actions complained of were discretionary or of a quasi-judicial nature for which there is absolute immunity *(see, Tango v Tulevech,* 61 NY2d 34). To the extent plaintiff requested that these defendants perform certain duties, his claims were in the nature of mandamus to compel and where, as here, the actions involved the exercise of judgment or discretion, no such relief could be granted *(cf., Klostermann v Cuomo,* 61 NY2d 525). Plaintiff's remaining contentions have been considered and rejected as lacking in merit.

Levine, J. P., Mercure, Mahoney, Casey and Harvey, JJ., concur. Ordered that the judgment is affirmed, without costs. *[See, Harley v Perkinson,* 148 Misc 2d 753.]