■ NORTH SIDE SAVINGS BANK, Plaintiff, v GEORGE ARIEH et al., Defendants. GREGORIO ALVAREZ, Respondent, v CARMEN A. PACHECO, as Receiver, Appellant. [651 NYS2d 471] —Order, Supreme Court, New York County (Leland DeGrasse, J.), entered August 14, 1995, which granted plaintiff Gregorio Alvarez's motion for leave to sue defendant Carmen Pacheco as receiver nunc pro tunc, unanimously affirmed, without costs.

The court properly exercised its discretion in granting leave to sue the receiver in foreclosure nunc pro tunc for alleged injuries suffered during her receivership (see, Copeland v Salomon, 56 NY2d 222, 230-234). Any damages awarded for such injuries caused by the negligence of the receiver, her agents or her employees would be part of the expenses of

administration payable out of the receivership funds. Indeed, in settling her account, the receiver noted her exposure and asked that a reasonable sum of money be set aside to cover any possible liability. That such request was denied should not preclude a meritorious claim; however, " '[l]iability is not synonymous with ability to pay' and it, therefore, is not a condition of suit that the receiver be in funds to pay it" (*supra,* at 234). Concur—Sullivan, J. P., Rosenberger, Kupferman, Williams and Andrias, JJ.