■ RONALD TOPAL et al., Appellants-Respondents, v STATE OF NEW YORK, Respondent-Appellant. [693 NYS2d 130] —Order, Court of Claims (Thomas McNamara, J.), entered on or about January 28, 1999, insofar as it granted defendant's motion to dismiss on res judicata grounds to the extent that the claim was based on wrongdoing by Dr. Stanley Gibbs, while denying in all other respects the motions for dismissal and summary judgment, unanimously reversed, on the law, without costs, and the motion for summary judgment granted to the extent of dismissing the complaint in its entirety solely upon the defense

of absolute immunity. The Clerk is directed to enter judgment in favor of defendant dismissing the complaint.

The regulation of professional medical (here dental) licensing is a quasi-judicial function (*see, People ex rel. Greenberg v Reid*, 151 App Div 324, 327), and where, as here, State "employees act under the authority of and in full compliance with the governing statutes and regulations [omitted here], their actions constitute discretionary conduct of a quasi-judicial nature for which the State has absolute immunity." (*Arteaga v State of New York*, 72 NY2d 212, 214; *see also, Negron v State of New York*, 218 AD2d 209, *lv denied* 88 NY2d 805 [action based on acts or omissions of a hearing committee convened by the State Board for Professional Medical Conduct is precluded by the doctrine of sovereign immunity].)

Insofar as the Office of Professional Discipline of the State Education Department exercised a prosecutorial function in reliance upon a particular witness, Dr. Gibbs, whose testimony is alleged by claimant to have been maliciously motivated, the same protection of absolute immunity applies (*see, Butz v Economou*, 438 US 478, 516-517; *Imbler v Pachtman*, 424 US. 409, 420-428).

In a wide range of situations of the kind presented here, absolute immunity has barred all money damage claims against the State or its officers who perform quasi-judicial or discretionary functions (*Arteaga v State of New York, supra* [prison discipline system]; *Tarter v State of New York*, 68 NY2d 511 [parole board]; *Tango v Tulevech*, 61 NY2d 34 [probation officers]). Absolute immunity extends to all "neutrally positioned government officials, regardless of title, who are delegated judicial or quasi-judicial functions" (*Tarter v State of New York, supra*, at 518; *accord, Harley v Perkinson*, 187 AD2d 765 [Office of Court Administration and State Commission on Judicial Conduct]; *Klapper v Guria*, 153 Misc 2d 726 [attorney disciplinary committee]).

We disagree with claimants' assertion that the State's immunity argument was so insufficiently raised before the Court of Claims as to preclude its consideration by us. The defense was fully pleaded by the State in its answer, and was alluded to in an affidavit referencing the immunity of Dr. Gibbs in his capacity as a witness under the Education Law. But even if the immunity argument had not been appropriately asserted within the confines of the State's dismissal motion, that circumstance would not have barred our cognizance of it. The State's absolute immunity has been regarded as akin to subject matter jurisdiction (*Lublin v State of New York*, 135 Misc 2d

419, 420-421, *affd* 135 AD2d 1155, *lv denied* 71 NY2d 802), which can, of course, be invoked at any time (*see, Gelin v Lehman Coll.*, 254 AD2d 119; *People v Abbott Manor Nursing Home*, 70 AD2d 434, 439-440, *affd* 52 NY2d 766; *see also, Matter of Fry v Village of Tarrytown*, 89 NY2d 714, 718).

In view of the foregoing, it is unnecessary to consider the alternative defense based on collateral estoppel and res judicata arising from an earlier Supreme Court disposition. Concur—Mazzarelli, J. P., Wallach, Rubin and Saxe, JJ.