◼ BARBARA A. K. SCHWARTZ et al., Appellants, v SANDRA R. KURLANDER, Defendant. GUY VITACCO, JR., Nonparty-Respondent. [719 NYS2d 105] —In an action for the partition of real property, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Adams, J.), dated November 4, 1999, which denied their motion for leave to commence an action against the Referee appointed to sell the property.

Ordered that the order is affirmed, without costs or disbursements; and it is further,

Ordered that the plaintiffs' time to serve the Referee with a summons and complaint is extended until 90 days after service upon them of a copy of this decision and order with notice of entry.

In this action for the partition of real property, the plaintiffs moved for permission to sue the Referee alleging, *inter alia,* that they sustained damages as a result of the Referee's negligence. The motion was denied on the ground that the Referee was immune from suit and there was no evidence of misconduct, fraud, or malfeasance which would warrant granting leave to sue. We affirm, but do so solely on the basis that such an application was unnecessary.

Leave of the court must be obtained to sue a receiver in his or her representative, as opposed to individual, capacity (*see, Copeland v Salomon,* 56 NY2d 222; *Chase Manhattan Bank v Kress,* 131 AD2d 807). This rule is based on a concern for the protection of the assets in receivership, from which any judgment obtained against a receiver in his or her representative capacity would be paid (*see, Copeland v Salomon, supra,* at 228; *North Side Sav. Bank v Arieh,* 234 AD2d 169).

There is no similar concern with respect to a Referee. The fact that a Referee, like other quasi-judicial officers, might benefit from immunity from liability under certain circumstances

(*see, Harley v Perkinson,* 187 AD2d 765; *Colin v County of Suffolk,* 181 AD2d 653, 654), does not mean that pre-action leave to sue is necessary. The viability of the immunity defense should properly be litigated in the context of a motion to dismiss the complaint or for summary judgment, rather than in the context of a pre-action motion for leave (*see, Weitzner v New York City Dept. of Social Servs.,* 212 AD2d 414; *Sher v Pellicano,* 203 AD2d 273; *Harley v Perkinson, supra*).

To the extent our decision in *Ishaq v Batra* (212 AD2d 512) can be read as contrary to the foregoing, we decline to follow it. Nothing in the governing provisions of the CPLR or in the common law requires, or even authorizes, pre-action permission to sue Referees or similar quasi-judicial officers accused of negligence or misconduct in their official or individual capacities. Altman, J. P., Krausman, Goldstein and McGinity, JJ., concur.