■ JOSEPH C. SCOPELLITI, Plaintiff, v MARIA C. SCOPELLITI, Defendant. (Action No. 1.) MARIA C. SCOPELLITI, Respondent, v ROBERT L. SCOPELLITI et al., Appellants, et al., Defendants. (Action No. 2.) [858 NYS2d 750]—In two related actions which were joined for trial, inter alia, for a divorce and ancillary relief and to set aside a conveyance as fraudulent, Joseph C. Scopelliti and Robert L. Scopelliti, defendants in action No. 2, separately appeal, as limited by their respective briefs, from so much of an order of the Supreme Court, Westchester County (Jamieson, J.), dated May 14, 2007, as granted that branch of the motion of the plaintiff in action No. 2 which was for summary judgment on the first cause of action alleging fraudulent conveyance of the former marital residence.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs to the appellants, and that branch of the motion of the plaintiff in action No. 2 which was for summary judgment in action No. 2 on the first cause of action alleging fraudulent conveyance of the former marital residence is denied.

The respondent established her prima facie entitlement to judgment as a matter of law on the first cause of action in action No. 2 alleging fraudulent conveyance of the former marital residence (*see* Domestic Relations Law § 236 [B] [1] [c]; Debtor and Creditor Law § 276; *DeJesus v DeJesus*, 90 NY2d 643, 652 [1997]; *Dempster v Overview Equities*, 4 AD3d 495, 498 [2004]; *see generally Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

However, in opposition, the appellants raised a triable issue of fact as to whether the former marital residence was the sepa-

rate property of the appellant Joseph C. Scopelliti (*see Raphael v Raphael,* 20 AD3d 463, 464 [2005]; *Gorelik v Gorelik,* 303 AD2d 553 [2003]; *Harley v Harley,* 157 AD2d 916, 917-918 [1990]). Rivera, J.P., Santucci, Eng and Chambers, JJ., concur.