■ RINGLING BROS.-BARNUM & BAILEY COMBINED SHOWS, INC., Respondent, v. ACME CIRCUS OPERATING COMPANY, INC., Doing Business as CLYDE BEATTY-COLE BROS. CIRCUS, et al., Appellants.— Order, entered on October 26, 1960, vacating defendants' notice of examination before trial and granting plaintiff priority of examination, unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Settle order on notice fixing date for examination to proceed. Concur — Botein, P. J., Breitel, Rabin, Eager and Bastow, JJ.

■ PETER MANCERI, an Infant, by His Guardian ad Litem, JOSEPH MANCERI, Appellant, v. CITY OF NEW YORK, Defendant, and ANTHONY GREICO, Respondent.— Order, entered on August 31, 1960, dismissing amended complaint as against defendant-respondent Greico, unanimously modified, on the law and in the exercise of discretion, to grant leave to plaintiff-appellant to replead within 20 days after service upon his attorney of a copy of the order filed herein, with notice of entry; and the said order otherwise unanimously affirmed, on the law, without costs, and judgment entered on October 3, 1960, vacated, without costs. The amended complaint expressly alleges that the defendant Greico "was on duty as an Assistant District Attorney" at the time he uttered the alleged slanderous words concerning the plaintiff who had been apprehended and interrogated in connection with a certain murder and charged therewith. It is further alleged that the words were spoken by the defendant "in the course of his employment and duties as Assistant District Attorney." It is settled law that "The doctrine of immunity based on official privilege is recognized in this State, being based upon 'consideration of public policy and to secure the unembarrassed and efficient administration of justice * * *, * * * [and] [t]he desirability of such a policy is easily recognized as essential in the conduct of official business." (Cheatum v. Wehle, 5 N Y 2d 585, 592–593.) It is also clear that the defendant in the exercise of his official duties as Assistant District Attorney performs quasi-judicial functions. (See 13 N. Y. Jur. 179–180; People v. Fielding, 158 N. Y. 542, 547; Matter of McDonald v. Goldstein, 273 App. Div. 649, 651; Yaselli v. Goff, 12 F. 2d 396, 404, aff'd. 275 U. S. 503; Gregoire v. Biddle, 177 F. 2d 579, 580, cert. denied 339 U. S. 949.) Within such functions are included the acts of such an official in the investigation of criminal charges and interrogation of persons in connection therewith. Consequently, the words spoken by an Assistant District Attorney are privileged when uttered in the course of his employment while performing such functions. (See Restatement, Torts, §§ 585, 586, 589.) In view of the foregoing, the express allegations of the complaint herein appear to preclude the plaintiff from a recovery against the defendant for the speaking of the alleged words; and in any event, to allow such allegations to stand as pleaded could cause unnecessary confusion in the future conduct of this litigation, since plaintiff also seeks to hold the codefendant, the City of New York, liable for the allegedly defamatory utterances. Concur — Botein, P. J., Rabin, McNally, Stevens and Eager, JJ.