Alton J. Wightman, J.
This is an action against the City of Rochester, Louis Donofrio, a City of Rochester policeman, the County of Monroe, George W. Conaty, Jr., Assistant District Attorney of the County of Monroe, and David John Barry, M. D., psychiatric consultant to the Rochester City Court, defendants, wherein plaintiff seeks to recover damages for false arrest, false imprisonment, malicious prosecution, abuse of process, unlawful psychiatric detention, conspiracy and defamation.
On September 8, 1968 plaintiff was arrested by defendant Donofrio and taken to central police headquarters and charged with loitering in violation of section 240.35 (subd. 6) of the Penal Law. On September 9, 1968 plaintiff was arraigned in Rochester City Court and entered a plea of 1‘ not guilty ’ ’. On motion of defendant Conaty the court ordered that plaintiff be held for a mental examination. On September 10, 1968 plaintiff was examined by defendant David John Barry, M. D., court psychiatrist, who suggested the presence of psychosis, and upon his recommendation the court ordered plaintiff committed to the Monroe County Infirmary for a period not to exceed 30 days *834 for observation, and treatment if indicated, pursuant to section 870 of the Code of Criminal Procedure. Plaintiff was therein confined until September 25,1968, at which time he was returned to the City Court and the proceeding was adjourned for one week and plaintiff released on his own recognizance. On October 2,1968 plaintiff again appeared in City Court with his attorney, and upon motion of his attorney the criminal proceeding against him was dismissed for failure to file a written information.
This action was thereafter commenced and is at issue, and the matter is now before this court on three motions for summary judgment brought on behalf of the defendants. The defendant David John Barry, M. D., has moved for summary judgment dismissing the complaint against him and for judgment in his favor, on the grounds that at the time of the psychiatric examination alleged in the complaint he was acting as a judicial officer of the court and was immune from civil suit for any causes of action arising out of his performance of an official act. Defendants George W. Conaty, Jr., and the County of Monroe, have moved for summary judgment dismissing the complaint as against them, on the grounds that defendant Conaty was acting as a judicial officer in performing the acts alleged in the complaint and was thereby rendered immune from civil suit, and that this immunity extended to the defendant county, named a defendant on the legal ground of respondeat superior. The defendants City of Bochester and Louis Donofrio have moved for a partial summary judgment dismissing that portion of plaintiff’s complaint seeking damages for the period of plaintiff’s detention subsequent to his arraignment on September 9, 1968 and severing the action as to the balance of the relief prayed for in the complaint.
The motions presented by the defendants County of Monroe, Conaty, and Barry may be considered together, since the issue presented concerns only the capacity of Conaty and Barry as judicial or quasi-judicial officers and immunity.
The doctrine of immunity based upon official privilege is well established in this State and is based upon the recognized need for an efficient system for the administration of justice and the conduct of official business (Cheatum v. Wehle, 5 N Y 2d 585). It is clear that an Assistant District Attorney who participates in the investigation of criminal charges, the interrogations of persons accused of crimes, and who appears in court as the representative of the State during the course of the various criminal proceedings, is performing quasi-judicial functions (Manceri v. City of New York, 12 A D 2d 895; Zimmerman v. *835 City of New York, 52 Misc 2d 797). In consequence thereof, the official functions of an Assistant District Attorney are privileged and he is protected in their performance by the doctrine of immunity from civil suit. Concomitantly, the functions of the psychiatric examiner who performs a medical screening and evaluation at the request and for the benefit of the court is also acting in a quasi-judicial capacity and is immune from civil suit arising from the performance of his functions. (Schanbarger v. Kellogg, 35 A D 2d 902 [1970]; Wood v. State of New York, 28 A D 2d 643 [1967]; Douglas v. State of New York, 269 App. Div. 521.)
The plaintiff herein contends that in the instant case the doctrine of immunity should not protect these defendants because the failure to file an information deprived the court of jurisdiction over the plaintiff and all acts performed with respect to him were void, unlawful and must now be compensable. This court cannot agree with such an assertion.
In Schanbarger v. Kellogg (supra), a case similar to the facts present herein, the plaintiff was arrested and charged with loitering under section 240.35 (subd. 6) of the Penal Law. He appeared in Justice Court and, at the request of the Assistant District Attorney, the Justice ordered a psychiatric examination. Thereafter, a trial was held and the plaintiff was found guilty. The conviction was appealed and reversed (24 N Y 2d 288), the Court of Appeals holding that the information under which the plaintiff was tried was insufficient, as was the testimony at trial. The plaintiff then instituted suit against the Assistant District Attorney and the medical examiner, alleging malicious prosecution, abuse of process and invasion of privacy. Upon appeal, the Assistant District Attorney and the medical examiner were found immune from civil suit in spite of the insufficiency of the information originally filed against the plaintiff.
In the instant case, the plaintiff was arrested on a Sunday by the defendant Donofrio for a violation purportedly committed in the presence of the police officer. The following morning plaintiff was arraigned and fully informed of the charges against him, and of his right to counsel. The court acquired jurisdiction over the person of plaintiff by what appeared to be a lawful arrest made by the arresting officer without a warrant for a crime committed in his presence. The court proceeding created the appearance of jurisdiction upon which the District Attorney and court medical examiner were entitled to rely. No objection to the jurisdiction was ever raised by plaintiff until *836 he moved for a dismissal for the failure to file an information.
While it is true that an unsworn information is jurisdictionally defective, whether it charges a misdemeanor (People v. Scott, 3 N Y 2d 148) or an offense (People v. Hamm, 9 N Y 2d 5; People ex rel. Siegal v. Dros, 11 N Y 2d 167), a failure to file an information or the filing of a defective information should not expose an Assistant District Attorney or a court medical examiner to liability for civil suit unless it is alleged that they had express knowledge of a lack of jurisdiction in the court and continued, after acquiring such knowledge, either individually or in concert, to expressly conduct themselves in a manner calculated to injure the plaintiff. To hold otherwise would constitute an unreasonable interference with the disposition of criminal proceedings and the court related social services provided therewith. Accordingly, for the reasons stated herein, the complaint should be dismissed as against the defendants George W. Conaty, Jr., the County of Monroe, and David John Barry, M. D.
Turning to the motion for partial summary judgment made on behalf of the City of Rochester and Louis Donofrio, these defendants propose that the liability for damages for the period of plaintiff’s detention must be limited to the period commencing at the time of plaintiff’s arrest and terminating at the time of his initial arraignment in Rochester City Court on September 9, 1968.
In an action for false arrest, the right to .recover for damages is limited to the period of wrongful detention and recovery ceases upon the detention’s subsequently being made valid (Warner v. State of New York, 297 N. Y. 395; 22 N. Y. Jur., False Imprisonment, § 59, p. 497). Where a continued detention following arraignment of a person on a criminal charge rests upon the order of a Judge having jurisdiction of the person and the charge, liability beyond arraignment for false arrest will not continue even if the Justice makes an erroneous determination in exercise of his jurisdiction (Casler v. State of New York, 33 A D 2d 305; Mudge v. State of New York, 271 App. Div. 1039).
In the case here presented, the arresting officer, Donofrio, did not file an information against plaintiff, which thereby deprived the City Court of jurisdiction to prosecute plaintiff upon the charge for which he was arrested and which resulted in the proceeding’s being dismissed against the plaintiff. The City Court not having obtained jurisdiction over the subject of the action against plaintiff as a result of the failure to file the infer *837 mation, it may not now be said as a matter of law that the liability for damages must cease at the time of the arraignment.
It has long been recognized in our jurisprudence that a wrongdoer is responsible for the natural and proximate consequences of his conduct and what such consequences may be must be left for a jury to determine. Thus, upon satisfactory proof to a jury, it would be proper to award against the defendants Donofrio and the City of Rochester an amount for damages which proximately resulted as a consequence of the entire period of plaintiff’s detention.
The motion of defendants Louis Donofrio and the City of Rochester is herewith denied.