OPINION OF THE COURT

Per Curiam.

Order entered April 5, 1978 (Dembitz, J.) affirmed, without costs.
Appeal from the order entered September 27, 1977 (Dembitz, J.) is dismissed as academic.
The two affidavits submitted by plaintiffs counsel constitute essentially hearsay evidence, inasmuch as plaintiffs counsel lacks personal knowledge of what actually took place in Florida when plaintiff was apprehended. In the context of a motion for summary judgment (CPLR 3212), the affidavits of plaintiffs counsel would be probatively insufficient to contradict the District Attorney’s documentation of procedural regularity (Bruno v Bruno, 60 AD2d 788; Israelson v Rubin, 20 AD2d 668, 669; Di Sabato v Soffes, 9 AD2d 297, 301) and the presumption of regularity which attaches to official acts, official documents and to the actions of the courts (Richardson, Evidence, 10th ed, §§ 72, 81, 77).
Even though the parties in their submission below have addressed the merits of this action, and Special Term understandably, in the light of the confusing character of that submission, considered the merits of this action, we conclude that it would be error to treat the defendant’s motion under CPLR 3211 (subd [a], par 7) as one for summary judgment without the prior notification to the parties explicitly required *809 by CPLR 3211 subd [c] (see Rovello v Orofino Realty Co., 40 NY2d 633; cf. Monteferrante v New York City Fire Dept., NYLJ May 11, 1978, p 6, col 4). In the absence of such notice, it cannot be said that the plaintiff had a full opportunity for further submission of factual material, including an opportunity to submit a personal affidavit of his own.
As to the issue of the character of immunity from civil suit enjoyed by the defendant, District Attorney, the District Attorney, when acting within the scope of his official capacity, is entitled to absolute, not qualified, immunity (Imbler v Pachtman, 424 US 409; Yeselli v Goof, 12 F2d 396; Gregoire v Biddle, 177 F2d 579; Dacey v Dorsey, 268 F2d 275; Taylor v Nichols, 558 F2d 561; Brenner v County of Rockland, 92 Misc 2d 833, 835). The significant question, however, is not the character of the District Attorney’s immunity, but whether he was indeed acting within the scope of his official capacity.
Concur: Tierney, J. P., Riccobono and Asch, JJ.