■ ALBERT FINKELSTEIN, Appellant, v HILLEL BODEK, Respon-

dent.—Order of the Supreme Court, New York County (Martin Evans, J.), entered January 8, 1987, dismissing plaintiff's complaint, which alleged a cause of action for libel, unanimously affirmed, without costs.

Plaintiff commenced this action to recover damages for libel based on allegedly false statements made about him in a court-ordered report prepared by defendant, a certified social worker, which report was to evaluate the mental status of plaintiff's son, who was a defendant in a criminal action. Pursuant to CPL 390.30, which provides for investigations of a criminal defendant's mental condition, such a report is to include information concerning the family history.

The motion court dismissed the complaint, and we affirm that dismissal, but not for the reasons relied on by that court.

It is well established that an attorney, party, or witness in a judicial or quasi-judicial proceeding enjoys immunity from a defamation action for his or her spoken or written statement, if that statement is pertinent to the litigation. *(Park Knoll Assocs. v Schmidt,* 59 NY2d 205, 210; *Martirano v Frost,* 25 NY2d 505, 507.)* Included within those groups of persons who enjoy immunity for statements uttered in a judicial proceeding are court-appointed experts who are ordered to conduct psychiatric examinations. *(See, Schanbarger v Kellogg,* 35 AD2d 902, 902-903, *mot to dismiss appeal granted* 29 NY2d 649, *lv denied* 29 NY2d 485, *cert denied* 405 US 919; *Carpenter v City of Rochester,* 67 Misc 2d 832, *affd* 39 AD2d 1015.) Accordingly, there can be no cause of action for libel against defendant, whose statements about plaintiff were made in furtherance of defendant's quasi-judicial duties in rendering a complete mental evaluation of plaintiff's son and the son's family background. Accordingly, we affirm the dismissal of this complaint. Concur—Sullivan, J. P., Carro, Kassal, Rosenberger and Wallach, JJ.