■ WILLIAM COLIN, Respondent, v COUNTY OF SUFFOLK, Defendant, and LOIS J. WEINSTEIN, Appellant.—In an action to recover damages for false arrest and malicious prosecution, the defendant Lois J. Weinstein appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Namm, J.), dated April 11, 1990, as, upon renewal and reargument, adhered to its prior determination denying her motion for summary judgment dismissing the complaint insofar as asserted against her.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion for summary judgment is granted, and the complaint is dismissed insofar as asserted against the defendant Lois J. Weinstein.

On April 24, 1987, the plaintiff appeared before the defen-

dant Lois J. Weinstein, a Hearing Examiner in the Family Court, Suffolk County, to answer his ex-wife's petition for support. After making a statement, the plaintiff "walked out". The Assistant County Attorney who was representing the plaintiff's ex-wife requested that the case be sent to a Family Court Judge so that she could apply for a warrant of arrest. Accordingly, the defendant Weinstein forwarded the files to Judge H. Patrick Leis, who issued the warrant that same day. On May 12, 1987, the plaintiff voluntarily appeared in Family Court, the warrant was vacated, and the support hearing was held before the defendant. Thereafter, the plaintiff commenced the instant action, alleging that the defendant induced Judge Leis to issue the warrant, forced the plaintiff to be present for the support hearing, and prosecuted him knowing the prosecution to be meritless.

We agree with the defendant Weinstein that the instant claims against her are barred by reason of judicial immunity. Judges and those who perform similar functions, such as Hearing Examiners, " 'are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously and corruptly' " *(Stump v Sparkman,* 435 US 349, 356; *Bradley v Fisher,* 13 Wall [80 US] 335, 351; *see also, Butz v Economou,* 438 US 478, 513-516; *Oliva v Heller,* 839 F2d 37, 39). However, although a Judge will not be deprived of immunity because the action he or she took was in excess of authority, he or she will be subject to liability when action was taken in the "clear absence of all jurisdiction" *(Stump v Sparkman, supra,* at 357; *Bradley v Fisher, supra,* at 351; *Sassower v Finnerty,* 96 AD2d 585, 586). In the present case, the plaintiff has failed to proffer evidence demonstrating that the defendant Weinstein performed any acts in the "clear absence of all jurisdiction". Therefore, summary judgment should have been granted to the defendant Weinstein *(see, Lombardoni v Boccaccio,* 121 AD2d 828; *Sassower v Signorelli,* 99 AD2d 358).

In light of this determination, we need not address the remaining argument of the defendant Weinstein that the complaint failed to state a cause of action. Mangano, P. J., Lawrence, Eiber and Miller, JJ., concur.