■ ·Barkon Realty Corp., Appellant-Respondent, v M.J.D. Management Corporation, Respondent-Appellant, and Win Restaurant Equipment and Supply Corp. et al., Respondents. [629 NYS2d 762] —Order, Supreme Court, New York County (Shirley Fingerhood, J.), entered March 16, 1993, which dismissed plaintiff's causes of action for specific performance and damages, but ordered the return of plaintiff's down payment under plaintiff's third cause of action as modified by order of the same court and Justice, entered August 24, 1993, which, upon reargument, deleted the provision requiring the return of the down payment, but sustained plaintiff's third cause of action, unanimously modified, on the law, by reinstating plaintiff's first, second, fourth and fifth causes of action, and otherwise affirmed, without costs.

This is an action for, *inter alia*, specific performance of a real estate purchase contract. The court erred in holding that the seller had a right to cancel the contract based upon the purchaser's failure to comply with the provisions of a mortgage contingency clause. Paragraph 2 (d) (iv) of the contract states that provided the purchaser has fulfilled its obligations under the mortgage contingency clause, the purchaser shall have a right to terminate the contract. However, Paragraph 2 (d) (v) states that if the purchaser fails or refuses to comply with the mortgage contingency provisions then the purchaser shall be deemed to have waived those provisions and the "transaction shall no longer be contingent upon Purchaser's securing of financing." Under Paragraph 2 (d) (v), the seller had a right to cancel the contract only if the purchaser failed or refused to exercise its right of termination pursuant to Paragraph 2 (d) (iv). Thus, under the clear terms of the contract, the seller did not have a right to cancel the contract under Paragraph 2 (d) (v) since the purchaser's right to terminate the contract did not arise under Paragraph 2 (d) (iv). In addition, since the remedies for the purchaser's breach of the mortgage contingency clause are set forth in Paragraph 2 of the contract, the court properly rejected the seller's argument that the purchaser's failure to comply with the conditions of the mortgage contingency clause constituted a willful, material breach of that contract triggering the automatic termination provisions in Paragraphs 9 and 24.

Since the purchaser was never afforded an opportunity to perform the contract pursuant to Paragraph 2 (d) (v), questions of fact exist whether the purchaser is entitled to a remedy for defendant's wrongful termination of the contract. If plaintiff can prove that it was ready, willing and able to perform the contract by the closing deadline, plaintiff may be entitled to specific performance or damages. In addition, although title to the property is now held by defendant Win, issues of fact exist whether Win would be protected as a bona fide purchaser for value where it had some knowledge of plaintiff's contract and paid $267,000 more than plaintiff would have under the subject contract. Furthermore, plaintiff's fifth cause of action against Win should be reinstated because a question of fact exists whether Win tortiously interfered with plaintiff's contract with M.J.D. by contracting for the premises despite its purported knowledge that plaintiff had a contract to purchase the premises for less money. Concur—Murphy, P. J., Rosenberger, Rubin, Ross and Tom, JJ.