■ ADIN FALKOFF, Appellant, v W. DENIS DONOVAN, Respondent. [666 NYS2d 516] —In an action, *inter alia,* to recover damages for intentional infliction of emotional distress, the plaintiff appeals from an order of the Supreme Court, Westchester County (Roberto, J.), dated January 27, 1997, which granted the defendant's motion to dismiss the complaint and denied his cross motion for summary judgment in his favor.

Ordered that the order is affirmed, with costs.

Judges and those who perform similar functions, such as Hearing Examiners, " ' "are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously and corruptly" ' " (*Colin v County of Suffolk,* 181 AD2d 653, 654, quoting *Stump v Sparkman,* 435 US 349, 356). However, although a Judge will not be deprived of immunity because the action he or she took was in excess of authority, he or she will be subject to liability when action was taken in the "clear absence of all jurisdiction" (*Stump v Sparkman, supra,* at 357). In the present case, the plaintiff has failed to proffer evidence demonstrating that the defendant performed any acts in the clear absence of all jurisdiction. Bracken, J. P., Pizzuto, Altman, Krausman and Lerner, JJ., concur.

■ CHARLENE FITCHETT-FISCHER, Appellant, v ARTHUR L. FISCHER, Respondent. [666 NYS2d 867] —Appeal by the plaintiff from an order of the Supreme Court, Dutchess County (Hillery, J.), dated September 11, 1996.

Ordered that the order is affirmed, with costs, for reasons stated by Justice Hillery at the Supreme Court. Bracken, J. P., O'Brien, Thompson and Altman, JJ., concur.