■ 4TH AVENUE REALTY HOLDING CORP., Respondent, v STEVE PAPPAS et al., Appellants. [678 NYS2d 529] —In an action, *inter alia,* for a judgment declaring that the plaintiff was not in default under the terms of a mortgage assignment agreement, (1) the defendants Steve Pappas, Pappas & Pappas, Adrian Alexandru, Dimitrios Papadimitriou a/k/a James Papadimitriou, and Konstantinos Papadimitrious a/k/a Gus Papadimitriou appeal from so much of an order of the Supreme Court, Kings County (I. Aronin, J.), dated August 15, 1997, as granted the plaintiff's motion for a preliminary injunction, and (2) the defendants Nicholas Coscia, Joseph Coscia, Grace Mercurio, Catherine Johnston, and Rose Terrone separately appeal from so much of the same order as denied that branch of their cross motion which was to dismiss the first cause of action insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

There is no merit to the contention of the defendants Steve Pappas, Pappas & Pappas, Adrian Alexandru, Dimitrios Papadimitriou a/k/a James Papadimitriou, and Konstantinos Papadimitrious a/k/a Gus Papadimitriou that the granting of a preliminary injunction constituted an improvident exercise of the Supreme Court's discretion. The plaintiff made a prima facie showing of the likelihood of its ultimate success on the merits, irreparable injury absent the granting of the preliminary injunction, and a balancing of the equities in favor of the plaintiff (*see, Aetna Ins. Co. v Capasso,* 75 NY2d 860; *Doe v Axelrod,* 73 NY2d 748). The injunction was necessary to maintain the status quo until the Supreme Court determines the merits of the action (*see,* CPLR 6301).

Nor did the court err in denying that branch of the cross motion of the defendants Nicholas Coscia, Joseph Coscia, Grace Mercurio, Catherine Johnston, and Rose Terrone (hereinafter the Coscia defendants) which sought dismissal of the first cause of action. That cause of action sounds in breach of contract and seeks a judgment declaring, *inter alia*, that the plaintiff is not in default under the subject mortgage assignment agreement. The Coscia defendants are parties to the subject agreement, and the record presents a factual dispute as to whether they granted the plaintiff an oral extension of time to make payment. As such, they are not entitled to judgment as a matter of law on that cause of action.

The appellants' remaining contentions are without merit. O'Brien, J. P., Sullivan, Joy and Friedmann, JJ., concur.