■ HICKSVILLE PROPERTIES, L. L. C., Appellant-Respondent, v EVELYN WOLLENHAUPT, Defendant, and ROBERT J. DACOSTA, Respondent-Appellant. [704 NYS2d 81] —In an action, *inter alia*, to set aside a conveyance of real property and for injunctive relief, (1) the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Winick, J.), entered May 15, 1998, as granted those branches of the cross motion of the defendant Robert DaCosta which were for summary judgment dismissing the fourth, fifth, sixth, and seventh causes of action in the complaint insofar as asserted against him and, (2) the defendant Robert DaCosta cross-appeals from so much of the same order as granted that branch of the plaintiff's motion which was for a preliminary injunction enjoining him, *inter alia*, from interfering with the plaintiff's use of the subject property and denied that branch of his cross motion which was for summary judgment dismissing the eighth cause of action.

Ordered that the order is modified, by deleting the provision thereof which granted that branch of the cross motion which

was for summary judgment dismissing the plaintiff's fourth cause of action and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the fourth cause of action is reinstated.

The plaintiff Hicksville Properties, L. L. C. (hereinafter Hicksville), was the assignee of a lease for property owned by the defendant Evelyn Wollenhaupt. The lease, which expired on December 31, 1997, included an option to purchase the property for $75,000 in the event that Wollenhaupt decided to sell the property during the term of the lease or any lease renewal period. In June 1997, the lease was modified in writing to extend its term until December 31, 2002, and all the terms and conditions of the original lease, including the option to purchase, were continued. This modification of the lease was not recorded.

Shortly after expiration of the original lease period, Wollenhaupt conveyed the property to the defendant Robert DaCosta by deed dated January 2, 1998. DaCosta alleged that he paid Wollenhaupt $125,000, which was $50,000 more than Hicksville's option to purchase, and that the terms of the sale permitted Wollenhaupt to continue to live on the property. The deed was recorded, and, shortly after the sale, DaCosta advised Hicksville that it could no longer use the property. Hicksville commenced this action, *inter alia*, to set aside the conveyance and to enjoin DaCosta from interfering with its use of the property.

We conclude that the circumstances of the sale present triable issues of fact which preclude dismissal of the plaintiff's fourth cause of action for tortious interference with a contractual relationship (*see generally, Foster v Churchill*, 87 NY2d 744, 749-751). However, we agree with the Supreme Court that Hicksville failed to establish that it has a cause of action based on undue influence and fraud. Therefore, the fifth and sixth causes of action were properly dismissed. The seventh cause of action was properly dismissed as duplicative of the fourth cause of action.

That branch of DaCosta's cross motion which was to dismiss the eighth cause of action to permanently enjoin him from interfering with Hicksville's use of the property was properly denied. The request for permanent injunctive relief was premised on the underlying claim that the conveyance of the property to DaCosta should be set aside, and triable issues of fact preclude summary judgment.

The Supreme Court properly granted Hicksville's motion for a preliminary injunction in order to preserve the status quo (*see, 4th Ave. Realty Holding Corp. v Pappas,* 254 AD2d 250; *Delta Props. v Fobare Enters.,* 251 AD2d 960; *see generally, Grant Co. v Srogi,* 52 NY2d 496, 517). Hicksville established that it is likely to succeed on the merits of its claim that Wollenhaupt breached the option provision in the lease, and DaCosta failed to establish as a matter of law that he was a bona fide purchaser for value entitled to the protection of the Recording Act (*see,* Real Property Law § 290). Moreover, the balancing of the equities favors permitting Hicksville to continue to use the property for its business purposes pending resolution of this litigation.

We decline to consider any issues concerning a subsequent order of the Supreme Court, which were raised at oral argument of this appeal, as that order was based on papers which are not before the Court on this appeal. O'Brien, J. P., Joy, Krausman and Goldstein, JJ., concur.