■ HICKSVILLE PROPERTIES, L. L. C., Appellant, v EVELYN WOLLENHAUPT et al., Respondents. [711 NYS2d 729] —In an action, *inter alia*, to set aside a conveyance of real property and for injunctive relief, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Winick, J.), dated August 9, 1999, as, upon renewal, granted the motion of the defendant Robert J. DaCosta for summary judgment dismissing the eighth cause of action, and vacated so much of an order of the same court, dated May 15, 1998, as granted its motion for a preliminary injunction.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the aforementioned branch of the motion of the defendant Robert J. DaCosta is denied, and the eighth cause of action and the preliminary injunction are reinstated.

The facts underlying this action are discussed in the decision on a prior appeal (see, *Hicksville Props. v Wollenhaupt*, 268 AD2d 407) in which this Court reinstated the fourth cause of action against the defendant Robert J. DaCosta based on tortious interference with contract and rejected his contention that the eighth cause of action for a permanent injunction should be dismissed. In addition, we upheld the Supreme Court's decision to issue a preliminary injunction.

While the prior appeal was pending, DaCosta renewed his motion for summary judgment and sought dismissal of the eighth cause of action and vacatur of the preliminary injunction. The Supreme Court granted his motion. We reverse.

No new facts are presented in the record which would cause this Court to reconsider its previous determination that there are issues of fact which preclude dismissal of the fourth cause of action (*see, e.g., Barkon Realty Corp. v M.J.D. Mgt. Corp.,* 217 AD2d 505). As the plaintiff would be entitled to a permanent injunction if it prevailed on that cause of action, the eighth cause of action must be reinstated.

We disagree with the Supreme Court's conclusion that Da-Costa presented sufficient proof to establish as a matter of law that he was a bona fide purchaser for value of the subject property (*see, Yen-Te Hsueh Chen v Geranium Dev. Corp.,* 243 AD2d 708; *Berger v Polizzotto,* 148 AD2d 651; Real Property Law §§ 291, 291-cc). The documentary evidence presented by Da-Costa failed to establish that he actually made the payments of consideration required under the terms of the contract of sale (*see, e.g., Dolphin v Marocik,* 222 AD2d 549). Moreover, there is a question of fact as to whether he had "knowledge of facts that would lead a reasonably prudent purchaser to make inquiry", which would preclude a finding that he acted in good faith (*Berger v Polizzotto, supra,* at 651-652; *see also, Yen-Te Hsueh Chen v Geranium Dev. Corp., supra*). O'Brien, J. P., Joy, Luciano and Schmidt, JJ., concur.