INGEBORG WIECK, Appellant, v SIDNEY HALPERN, Respondent. [735 NYS2d 802] —In an action, *inter alia*, for a judgment declaring, among other things, that a certain amended restrictive covenant is void, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (DiNoto, J.), dated May 11, 2000, as denied her motion for a preliminary injunction and set the matter down for trial.

Ordered that on the Court's own motion, the appellant's notice of appeal is also treated as an application for leave to appeal from that part of the order which set the matter down for trial, and leave to appeal is granted (*see,* CPLR 5701 [c]); and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the respondent is awarded one bill of costs.

The plaintiff and the defendant are owners of adjacent properties bound by a restrictive covenant prohibiting the erection of a fence. In a related action (*Wieck v Halpern,* 289 AD2d 569 [decided herewith]), the Supreme Court held that a fence erected by the defendant on a deck surrounding his pool violated both the restrictive covenant and a December 1998 preliminary injunction in that action enforcing the same. The defendant thereafter purported to obtain an amendment to the restrictive covenant which would permit the fence. The plaintiff commenced this action, *inter alia*, seeking a declaration that the amendment was not validly obtained, and a preliminary injunction preventing the defendant from relying on the same. In the order appealed from, the Supreme Court, *inter alia*, denied the plaintiff's motion for a preliminary injunction and set the matter down for trial. We affirm.

In light of all of the relevant factors, the Supreme Court providently exercised its discretion in denying the plaintiff's motion for a preliminary injunction (*see,* CPLR 6301; *Hicksville Props. v Wollenhaupt,* 273 AD2d 356; *Stroh v Gross,* 269 AD2d 384).

The plaintiff's remaining contention is without merit. Ritter, J. P., Santucci, Feuerstein and Adams, JJ., concur.