■ INGEBORG WIECK, Appellant, v SIDNEY HALPERN, Respondent. [735 NYS2d 803] —In an action, *inter alia*, to compel the defendant to remove all fencing on his property, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (DiNoto, J.), dated June 12, 2000, as granted that branch of the defendant's motion which was to vacate a preliminary injunction, and denied that branch of her cross motion which was for summary judgment on the cause of action for a permanent injunction.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff and the defendant are owners of adjacent properties bound by a restrictive covenant prohibiting the erection of a fence. The plaintiff commenced this action, in effect, to enforce the covenant. By order dated August 31, 1999, the Supreme Court held that a fence erected by the defendant on a deck surrounding his pool violated both the restrictive covenant and a December 1998 preliminary injunction enforcing the same. The defendant thereafter moved, *inter alia*, to vacate the injunction on the ground that he had secured an amendment to the restrictive covenant which now permitted the fence. The plaintiff cross-moved, *inter alia*, for summary judgment on her claim for a permanent injunction. In the order appealed from, the Supreme Court granted that branch of the defendant's motion which was to vacate the preliminary injunction, and denied the plaintiff's cross motion. We affirm, although not for all the reasons stated by the Supreme Court.

Contrary to the plaintiff's argument on appeal, there are questions of fact as to whether the defendant validly amended the restrictive covenant. Thus, the plaintiff's entitlement to a permanent injunction cannot be determined as a matter of law. Further, in light of, *inter alia*, the purported amendment, the Supreme Court providently exercised its discretion in vacating the December 1998 injunction insofar as it required the defendant to remove the fence, thereby mooting the issue of an undertaking (*see*, CPLR 6313, 6314; *Hicksville Props. v Wollenhaupt*, 273 AD2d 356; *Stroh v Gross*, 269 AD2d 384). However, all of the defendant's remaining arguments were barred by the doctrines of collateral estoppel and/or res judicata, and therefore, did not provide a proper basis for any relief (*see*, *Wieck v Halpern*, 255 AD2d 438). Ritter, J. P., Santucci, Feuerstein and Adams, JJ., concur.