■ ALEX-MITCHELL: EL, Appellant, et al., Plaintiffs, v STATE OF NEW YORK et al., Respondents, et al., Defendant. [768 NYS2d 384]—

In an action, inter alia, to recover damages for civil rights violations pursuant to 42 USC § 1983, the plaintiff Alex-Mitchell: El appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Phelan, J.), dated October 1, 2002, as (1) granted that branch of the motion of the defendants State of New York and New York State Department of Social Services which was pursuant to CPLR 3211 (a) (2) to dismiss the complaint insofar as asserted against them for lack of subject matter jurisdiction, (2) granted the separate motion of the defendants John G. Marks, Dana Mitchell Jaffe, Julianne S. Eisman, and Richard Lawrence to dismiss the complaint insofar as asserted against them, (3) granted the separate motion of the defendants Nassau County, Nassau County District Attorney's Office, Nassau County Attorney, Nassau Medical Center, Nassau County Police Department, and Nassau County Sheriffs Dept. and Dept. of Corrections to dismiss the complaint insofar as asserted against them, (4) granted the separate motion of the defendant Allen Reichman for summary judgment dismissing the complaint insofar as asserted against him, (5) granted the separate motion of the defendant Anthony Santoro for summary judgment dismissing the complaint insofar as asserted against him, and (6) granted the separate motion of the defendant Westbury Union Free School District Board of Education to dismiss the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

In his complaint, the appellant alleged, inter alia, that he had been falsely accused of child abuse, wrongfully arrested, improperly committed to a psychiatric institution, and discriminated against on account of his race. He commenced the instant action against various groups of defendants, which, with the exception of one, all moved to dismiss the complaint insofar as asserted against them. All of the motions were granted.

The Court of Claims retains exclusive subject matter jurisdiction to entertain causes of action that were asserted against the State of New York and the New York State Department of Social Services (see NY Constitution, art VI, § 9; Court of Claims Act § 9; Morell v Balasubramanian, 70 NY2d 297 [1987]). Accordingly, the Supreme Court correctly granted that branch of the

motion of those defendants which was pursuant to CPLR 3211 (a) (2) to dismiss the complaint insofar as asserted them.

The purported notices of claim that the appellant sent to the defendants Nassau County, Nassau County District Attorney's Office, Nassau County Attorney, Nassau Medical Center, Nassau County Police Department, and Nassau County Sheriff's Dept. and Dept. of Corrections and the defendant Westbury Union Free School District Board of Education (hereinafter the Board of Education) were impermissibly vague (see General Municipal Law § 50-e [2]; Matter of Allen, 268 AD2d 520 [2000]; Matter of Reed v County of Westchester, 222 AD2d 679 [1995]), and moreover, untimely (see General Municipal Law § 50-e [1] [a]). In addition, nowhere in the complaint was it alleged that these "notices of claim" were served at least 30 days prior to the commencement of the action, and that in that time, the County defendants and the Board of Education neglected to or refused to adjust or satisfy the claims (see Davidson v Bronx Mun. Hosp., 64 NY2d 59 [1984]). Furthermore, the tort causes of action against these defendants are all time-barred (see General Municipal Law § 50-i [1]; CPLR 215 [3]; see also CPLR 3211 [a] [5]), and the remaining causes of action are insufficiently pleaded (see CPLR 3211 [a] [7]). Under these circumstances, the court correctly granted the separate motions of the County defendants and the Board of Education to dismiss the complaint insofar as asserted against them.

On their respective motions for summary judgment, the defendants Allen Reichman and Anthony Santoro, who explained in affidavits that they had only seen the appellant pursuant to a court directive to determine whether he was competent to stand trial (see Schanbarger v Kellogg, 35 AD2d 902 [1970], appeal dismissed 29 NY2d 649 [1971], lv denied 29 NY2d 485 [1971], cert denied 405 US 919 [1972]; Carpenter v City of Rochester, 67 Misc 2d 832 [1971], affd 39 AD2d 1015 [1972]), met their burdens of establishing their entitlement to judgment as a matter of law (see Alvarez v Prospect Hosp., 68 NY2d 320 [1986]). Since the appellant failed to meet his burden of raising a triable issue of fact, their motions for summary judgment were correctly granted (see Zuckerman v City of New York, 49 NY2d 557 [1980]). In addition, we note that Reichman was not properly served with the complaint (see CPLR 308 [2]; 3211 [a] [8]).

The appellant failed to allege how any of the acts of the defendants John G. Marks, Dana Mitchell Jaffe, Julianne S. Eisman, and Richard Lawrence were undertaken in the "clear absence of all jurisdiction" (Falkoff v Donovan, 245 AD2d 541

[1997]). Hence, these defendants enjoy judicial immunity from civil liability (*see Misek-Falkoff v Donovan,* 250 AD2d 579 [1998]; *Colin v County of Suffolk,* 181 AD2d 653 [1992]; *Sassower v Finnerty,* 96 AD2d 585 [1983]). Accordingly, the court correctly granted their motion to dismiss.

The appellant's remaining contentions either are not properly before the Court (*see Hicksville Props. v Wollenhaupt,* 268 AD2d 407 [2000]), or are without merit. Krausman, J.P., Schmidt, Mastro and Rivera, JJ., concur.