■ JOSEPHINE A. PARLATO et al., Appellants, v JODI M. GBUREK et al., Respondents. [831 NYS2d 805]—

Appeal from an order of the Supreme Court, Erie County (Christopher J. Burns, J.), entered January 30, 2006. The order granted defendants' motions to dismiss the supplemental amended complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying in part the motion of defendants Jodi M. Gburek and Christopher A. Gburek and reinstating the libel cause of action against them and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this action to recover damages for libel based on allegedly false statements concerning them in a letter prepared by defendant James A. Brigante, CSW-R, a certified social worker, and reviewed by defendant Maria T. Cartagena, M.D., a psychiatrist, before its publications. The letter was first published when it was sent to the attorney for defendants Jodi M. Gburek and Christopher A. Gburek at their request, prior to the commencement of any legal proceeding, and it was published a second time when it was included as an exhibit in papers submitted in connection with a Family Court proceeding in which plaintiff Josephine A. Parlato, Jodi's mother, sought visitation with Jodi's son. Plaintiff Lucian C. Parlato is the stepgrandfather of Jodi's son, and Christopher Gburek is Jodi's husband and the stepfather of Jodi's son. The letter sets forth the history of Jodi's childhood and states that Jodi was the source of the information contained therein. According to the letter, Jodi was sexually, verbally and physically abused by plaintiffs, resulting in major depression, anxiety and posttraumatic stress syndrome.

Supreme Court properly granted the motions of the social worker and the psychiatrist seeking dismissal of the "Supplemental/Amended" complaint against them for failure to state a cause of action (*see* CPLR 3211 [a] [7]). "[T]he allegedly defamatory statements are nonactionable, since they are contained in [the letter] concerning plaintiff[s'] psychological and emotional problems that were prepared by . . . an expert witness in a judicial proceeding involving . . . visitation in which plaintiff[s'] mental condition was pertinent" (*Braverman v Halpern*, 259 AD2d 306, 306 [1999]; *see generally Finkelstein v Bodek*, 131 AD2d 337 [1987], *lv denied* 70 NY2d 612 [1987]).

We agree with plaintiffs, however, that the court erred in granting that part of the motion of Jodi and Christopher seeking dismissal of the libel cause of action against them for failure to state a cause of action, and we therefore modify the order accordingly. The libel cause of action may be construed to state a cause of action upon which relief may be granted, i.e., that Jodi and Christopher published statements concerning plaintiffs that were "outrageous[ ] . . . [and] motivated by no other desire than to defame" plaintiffs, both with respect to the letter to their attorney and in the Family Court proceeding (*Martirano v Frost*, 25 NY2d 505, 508 [1969]; *see People ex rel. Bensky v Warden of City Prison*, 258 NY 55, 59 [1932]). Present—Scudder, P.J., Gorski, Centra, Green and Pine, JJ.