■ PINKESZ MUTUAL HOLDINGS, LLC, Respondent, v EDWARD PINKESZ, Also Known as JOSEPH PINKESZ and Another, et al., Defendants, and ISRAEL M. KENIG et al., Appellants. [34 NYS3d 91]—

In an action, inter alia, to recover damages for tortious interference with contract, conversion, and unjust enrichment, the defendants Israel M. Kenig and the Rabbinical Court Orech Mishor of Boro Park appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Lewis, J.), dated August 19, 2014, as denied that branch of their cross motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the cross motion of the defendants Israel M. Kenig and the Rabbinical Court Orech Mishor of Boro Park which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against them is granted.

The plaintiffs commenced this action seeking to recover, inter alia, proceeds of a certain life insurance policy in the amount of $5 million. The plaintiffs alleged that Rabbi Israel M. Kenig and the Rabbinical Court Orech Mishor of Boro Park (hereinaf-

ter the rabbinical court defendants) issued an arbitration award dated July 22, 2013, which directed the defendant Joel Wertzberger to pay $3,750,000 of the death benefits to the defendant Edward Pinkesz, also known as Joseph Pinkesz, also known as Chaim Yossi Pinkesz, even though ownership of the subject policy had previously been transferred to the plaintiffs. The plaintiffs asserted causes of action alleging, inter alia, tortious interference with contract, conversion, and unjust enrichment against the rabbinical court defendants. In an order dated August 19, 2014, the Supreme Court, inter alia, denied that branch of the cross motion of the rabbinical court defendants which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against them. The Supreme Court found that because the arbitration award dated July 22, 2013 had been vacated on the ground that the rabbinical court had exceeded its authority (*see Matter of Pinkesz [Wertzberger]*, 44 Misc 3d 1227[A], 2014 NY Slip Op 51353[U] [2014], *affd* 139 AD3d 1071 [2016] [decided herewith]), the rabbinical court defendants were not entitled to arbitral immunity. We reverse the order insofar as appealed from.

"When a party moves to dismiss a complaint pursuant to CPLR 3211 (a) (7), the standard is whether the pleading states a cause of action, not whether the proponent of the pleading has a cause of action. In considering such a motion, the court must accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory . . . If the court considers evidentiary material, the criterion then becomes whether the proponent of the pleading has a cause of action, not whether he has stated one . . . [The motion] must be denied unless it has been shown that . . . no significant dispute exists regarding it" (*Thaw v North Shore Univ. Hosp.*, 129 AD3d 937, 938 [2015] [citation and internal quotation marks omitted]; *see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *Butler v Magnet Sports & Entertainment Lounge, Inc.*, 135 AD3d 680 [2016]).

Here, the factual allegations of the complaint merely asserted conduct by the rabbinical defendants in their capacity as arbitrators (*cf. Lodichand v Kogut*, 91 AD3d 608 [2012]). It is well established that arbitrators are immune from liability for acts performed in their arbitral capacity (*see Siskin v Cassar*, 122 AD3d 714, 718-719 [2014]; *Jacobs v Mostow*, 69 AD3d 575 [2010]; *Indemnity Ins. Co. of N. Am. v Mandell*, 30 AD3d 1129, 1130 [2006]). Such immunity also applies to acts taken in

excess of authority (*cf. Mireles v Waco*, 502 US 9, 11-13 [1991]; *Stump v Sparkman*, 435 US 349, 356-357 [1978]; *Bradley v Fisher*, 80 US 335, 351-352 [1872]). As the plaintiffs failed to allege how any of the acts of the rabbinical court defendants were undertaken in the clear absence of all jurisdiction, these defendants enjoy arbitral immunity from civil liability (*cf. Alex-Mitchell: El v State of New York*, 2 AD3d 549, 551-552 [2003]; *Misek-Falkoff v Donovan*, 250 AD2d 579 [1998]; *Falkoff v Donovan*, 245 AD2d 541 [1997]; *Colin v County of Suffolk*, 181 AD2d 653, 654 [1992]). Accordingly, the Supreme Court should have granted that branch of the cross motion of the rabbinical court defendants which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against them.

In light of our determination, we need not reach the parties' remaining contentions. Dillon, J.P., Chambers, Barros and Brathwaite Nelson, JJ., concur.