Landmark Plaza Props. Corp. v H2M Architects (2020 NY Slip Op 07555)





Landmark Plaza Props. Corp. v H2M Architects


2020 NY Slip Op 07555


Decided on December 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY, JJ.


2018-10705
 (Index No. 605572/18)

[*1]Landmark Plaza Properties Corp., appellant,
v
H2M Architects, Engineers, Land Surveying and Landscape Architecture, D.P.C., etc., et al., respondents.


Glenn T. Nugent, Amityville, NY, for appellant.
William G. Rospars, Melville, NY, for respondents.



DECISION & ORDER
In an action to recover damages for negligence and breach of contract, the plaintiff appeals from an order of the Supreme Court, Suffolk County (John H. Rouse, J.), dated August 7, 2018. The order granted those branches of the defendants' motion which were pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff, Landmark Plaza Properties Corp., owns commercial property which it leases to its tenant Islip Theaters LLC (hereinafter the tenant). Pursuant to a so-ordered stipulation of settlement in a consolidated action between the plaintiff and the tenant, the tenant agreed to purchase and install a new roof and to forward to the plaintiff certain documentation, including a certification from "H2M Architects and Engineers" (hereinafter H2M) "that the installation of the roof . . . complies with the roof manufacturer's standards and that roof drains are in working order." Upon receipt, the plaintiff would release certain escrowed funds to the tenant as its contribution to the cost of the roof. Following further litigation, the Supreme Court determined that the tenant had complied with the stipulation of settlement and the plaintiff was not entitled to litigate the certifications of the agreed-upon arbiter. These determinations were upheld by this Court on appeal (see Islip Theaters, LLC v Landmark Plaza Props. Corp., 183 AD3d 875; Islip Theaters, LLC v Landmark Plaza Props. Corp., 183 AD3d 872; see also Islip Theaters, LLC v Landmark Plaza Props. Corp., 183 AD3d 877).
The plaintiff commenced this action against H2M and certain of its employees alleging that the defendants breached contractual and professional duties by improperly issuing the certifications in the underlying litigation with the tenant. The complaint alleged, inter alia, that the defendants failed to properly supervise the work, to assess the deficiencies of the underlying roof and structures, and, generally, to redirect the scope of work to ensure compliance with applicable codes and the integrity of the roof structure.
The defendants moved, among other things, to dismiss the complaint pursuant to [*2]CPLR 3211(a)(1), (5), and (7), arguing that they were immune from liability arising out of their issuance of the certifications in the underlying action, and that the action also should be dismissed based on collateral estoppel and the documentary evidence. In an order dated August 7, 2018, the Supreme Court granted those branches of the defendants' motion which were to dismiss the complaint. The plaintiff appeals.
We agree with the Supreme Court's determination to grant those branches of the motion. In settling their dispute, the plaintiff and the tenant were free to stipulate to a binding determination of an issue by a designated professional (see Matter of New York, Lackawanna & Western R.R. Co., 98 NY 447, 453; Matter of Ruth S. [Sharon S.], 125 AD3d 978, 978). H2M was designated to certify if the tenant's installation of a new roof pursuant to the stipulation complied with the roof manufacturer's standards and the roof drains were in working order. The plaintiff's challenges to the certifications are barred by collateral estoppel (see Ryan v New York Tel. Co., 62 NY2d 494, 500; Lamberti v Plaza Equities, LLC, 161 AD3d 837, 839), and by arbitral immunity (see Pinkesz Mut. Holdings, LLC v Pinkesz, 139 AD3d 1032, 1033-1034; Siskin v Cassar, 122 AD3d 714, 718-719; Indemnity Ins. Co. of N. Am. v Mandell, 30 AD3d 1129, 1130). In addition, the documentary evidence conclusively disproves the plaintiff's allegations that the defendants had additional duties with respect to the roof installation (see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326; Mitkowski v Marceda, 133 AD3d 574, 575).
MASTRO, J.P., ROMAN, HINDS-RADIX and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court